P. R. GILLESPIE, plaintiff in error, *vs.* WILLIAM CHASTAIN, defendant in error.

1. A party in possession of a personal chattel may recover the value thereof from any person who wrongfully dispossesses him of the same.

2. If the person who dispossesses him thus in possession, shall seek to protect himself by purchase at a constable's sale of property of defendant in *fi. fa.*, exempt from levy and sale by virtue of having been set apart by the ordinary, such purchaser must show that there was no other property of defendant in *fi. fa.* on which a levy could be made, and that affidavit was made by plaintiff in *fi. fa.*, *before the levy*, that the debt upon which the execution was founded was one from which the property set apart was not exempt.

Trover. Levy and sale. Exemption. Before Judge BUCHANAN. Carroll Superior Court. April Term, 1876.

Reported in the opinion.

AUSTIN & HARRIS, by brief, for plaintiff in error.

No appearance for defendant.

JACKSON, Judge.

Gillespie sued Chastain in the justice's court for a cow and calf or the value thereof. The justice rendered judgment for plaintiff. Defendant appealed by *certiorari* to the superior court. That court sustained the *certiorari* and set aside the judgment of the justice; whereupon the plaintiff appealed to this court by exceptions regularly taken, and the case is before us for review.

The facts are, in substance, that one Roberson had the cow exempted from levy and sale, and then sold her to one Richards for $25 00, who sold her to the plaintiff for $30 00. The sale to Richards was made in January, 1875, and was approved in March, 1875, by the ordinary. The plaintiff was in possession of the cow, and while in his possession, it was levied on by an execution against Roberson in favor of defendant, and defendant bought the cow for $10 00, which,

after paying costs, was credited on his judgment. The levy was made after the sale from Roberson and wife, but before the approval of the sale by the ordinary. After the sale, the cow was not delivered to the defendant by the constable, but the defendant was told to go to plaintiff and take her, which he did. The court below held that these facts gave the defendant title to the cow, and that plaintiff had none, and reversed the judgment of the justice of the peace, and this is the error complained of.

1. The plaintiff, Gillespie, was in the lawful possession of this cow, and defendant took her out of his possession and sold her. This shows possession in plaintiff, which is evidence of title to personal property, and wrongful conversion by defendant, unless he was protected by the constable's sale, in taking the cow from the plaintiff. Code, section 3027, declares that " mere possession of a chattel, if without title or wrongfully, will give a right of action for any interference therewith, except as against the true owner or the person wrongfully deprived of possession." Was the defendant protected then by the constable's sale?

2. The cow was levied upon and sold as Roberson's property under a *fi. fa.* against him, and in favor of defendant; but the cow had been exempted from levy and sale, Code, section 2027, unless the statute in the next section of the Code were complied with: section 2028. That section provides that when *there is no other property to levy upon but the exemption*, and when the plaintiff, or his agent or attorney, shall make affidavit, that to the best of his knowledge and belief the debt upon which said execution is founded, is one from which the property set apart is not exempt, " it shall be the duty of the officer in whose hands the execution *and affidavit* are placed, to proceed at once *to levy* and sell as though the property had never been set apart." In this case there is no proof at all in the record that the defendant in *fi. fa.*, Roberson did not have other property, and though an affidavit was made by the attorney of the plaintiff in execution, who is the defendant in the case at bar, that to the best of his knowledge

and belief the debt is not one from which the cow was exempt, yet he does not state how or wherein this cow thus set apart was not exempt from this debt; and the affidavit was not made *before the levy,* but only one day before *the sale.* So that when *the levy* was made, by the express terms of the statute, Code, section 2027, the constable was himself guilty of a trespass, and his sale under that levy could convey no title to the purchaser at it; and when the defendant took this cow under it, from the plaintiff, his conversion was wrongful, and he became liable to pay the value of the cow, he having sold her and pocketed her value. We rest this judgment upon two defects in passing title out of Roberson into defendant by the constable's sale: 1st. There was no evidence that Roberson had not other property; 2d. No affidavit was made *before the levy.* We rather think, too, that if it had been made in time, this affidavit was defective in not setting out what exception, in the constitution or by law, vitiated this homestead; but as the other defects are clear, we forbear to decide this point. If the contest were between the plaintiff here and Roberson and his family as to the title to this cow, then the questions of the assent of the ordinary, and the time when given, and the regularity of the transmission of title from Roberson and wife to plaintiff, would arise, but possession alone in plaintiff gives him title against all the world except those who can show a better one, and this defendant has not done so. We are, therefore, of the opinion that the justice of the peace was right and the superior court wrong, and we reverse the judgment and direct that the superior court dismiss the *certiorari* and confirm the judgment of the justice's court: See Code, section 3027; Hilliard on Torts, 2d volume, 11, 12, 13, note (*a*); Code, sections 2027, 2028.

Judgment reversed.