ALVIN D. PUFFER, plaintiff in error, *vs.* JOHN PEABODY, administrator, defendant in error:

1. Where the grounds of a motion for a new trial are not certified to be true by the presiding judge, they cannot be considered.
2. The verdict being contrary to evidence and the principles of equity, a new trial is ordered.

JACKSON, Judge, concurred.

Practice in the Supreme Court. New trial. Before Judge CRAWFORD. Muscogee Superior Court. May Term, 1877.

Reported in the decision.

L. T. DOWNING, for plaintiff in error.

PEABODY & BRANNON, for defendant.

WARNER, Chief Justice.

It appears from the record in this case, that in the fall of 1876, John W. Brooks, druggist, doing business in Columbus, departed this life intestate; that John Peabody, Esq. became administrator on his estate; that the intestate, at the time of his death, had in his possession a "soda apparatus," which was advertised for sale by the administrator and claimed by A. D. Puffer as his property. On the trial of the claim, the jury found a verdict in favor of the administrator, whereupon the claimant made a motion for a new trial on the several grounds therein stated, which was overruled by the court, and the claimant excepted.

1. Inasmuch as the alleged grounds of error contained in the motion are not certified by the judge to be true, we cannot consider them. Our judgment, therefore, will be confined to the grounds "that the verdict was contrary to the evidence and the principles of justice and equity; that the verdict is decidedly and strongly against the weight of the evidence, and that it is contrary to law."

2. We shall examine the evidence as we find it in the record, the same having been admitted without objection, so far as it appears therefrom. The administrator proved that the soda apparatus in controversy was in Brooks' possession at the time of his death; that he advertised it for sale as his property in the due course of administration, when it was claimed by Puffer as his property. The claimant then offered in evidence the following order from the intestate:

### ORDER UNDER CONTRACT.

COLUMBUS, GA., February 11, 1876.

A. D. PUFFER, *Manufacturer of Soda Water Apparatus, 48 Portland street, Boston:*

Please forward to my address, No. 107 Broad street, Columbus, Ga., on or about ...., at prices annexed, one No. 12 Winter King, four minerals, (two of the mineral faucets to be pendent style), Italian marble body, and overlaid with Formossa marble; black marble base, etc. Parian marble figures (where the silver plated gas pedestals generally are) with shade and canopy, for water, complete............$  850 00
One No. 30 Generator......................................   185 00
Six No. 15 I. Fountains (to charge 10 gallons soda water) at $40.   240 00
Half dozen tumbler-holders your agent agrees to give.......

Total.............................................$1,275 00

Which I hereby agree to purchase for the sum of twelve hundred and seventy-five dollars as above, upon the following terms, and upon the usual conditions of Puffer's contract for sale this season, to be signed by me, upon receipt of the goods:

Terms—I hereby agree to pay the sum of nine hundred and twenty dollars, in one year, with interest at 7 per cent., and I hereby agree to give my octagon soda apparatus and my No. 18 generator, which your agent agrees to take for three hundred and fifty dollars. And I hereby agree to give my five copper fountains, which your agent agrees to buy at the market value; and please discount the value of said fountains from the said nine hundred and twenty dollars.

[Signed]                                    JOHN W. BROOKS.

It appears from the evidence that the contract was made with the claimant's agent Welds, at Columbus, about the time the foregoing order bears date, the agent leaving with Brooks, the intestate, printed blanks to be filled up, contain-

ing the terms of the contract, of which the following was a part thereof:

[LEASE.]

### A. D. PUFFER,

Manufacturer of the Frigid Soda and Mineral Water Apparatus.

No. 48 PORTLAND STREET, BOSTON, MASS., ........, 187 .

Know all men by these presents, that ...., of ...., State of ...., have hired, leased and received of A. D. Puffer, of Boston, Commonwealth of Massachusetts, for the term, to-wit: .... years, .... months, ending ...., 187.., subject to the conditions herein stated, the following described goods and chattels: ................................... manufactured by the said A. D. Puffer, and numbered ...., and .... do promise and agree with the said A. D. Puffer, his representatives and assigns, to pay him, or them, for the possession and reasonable use thereof, for said term, the sum of .... dollars as rent, to be paid .... in the installments set forth in the several notes given by .... therefor, as follows: ..............................................., and it (is) provided that said property hereby leased, is not to be removed from the premises where now located, No. .... street, in said ......, nor the interest of the lessee, under this lease, to be transferred without the consent of said A. D. Puffer, in writing thereto first obtained.

And it is further provided, that upon the full payment of the several notes aforesaid, all claim and title to said property, on part of said Puffer, shall cease, and the whole title shall vest in said lessee as owner; but upon any breach of the provisions of this lease, especially upon failure by the said lessee to pay the several notes or either of them, as they become due and payable, then this lease and any and all claim or right on the part of said lessee, under the same, or to the further use and possession of said property, shall be thereby terminated, and the said A. D. Puffer may thereafter, at any time, enter the premises where said property may be, and resume possession of the same, without process of law, or let or hindrance from the lessee; and such of the aforesaid notes as mature after said Puffer has resumed possession of said property, shall be taken and held to be void, and returned to the lessee upon demand.

Witness .... hand and seal this .... day of ......, 187..

...................... [SEAL.]

$....                           ...................., 187..

........ ......... after date ............. promise to pay to A. D.

Puffer, or order, .............. dollars, with interest, .......... value received.

..........................

No. ...., Due........

The evidence of the agent is, that when Brooks received the apparatus he was to fill up the blank note for the amount agreed on, sign the same, as well as the other paper, and transmit both to A. D. Puffer, the claimant, which he failed to do, although the claimant forwarded to him a similar blank filled up, with a note for the amount agreed to be paid, which Brooks promised claimant's agent he would sign and forward to him on the receipt of said apparatus.   It was the intention of the parties, as stated by the agent who made the contract, that the title and ownership of the apparatus should not vest in Brooks, the intestate, until it was paid for in full, which it is not pretended has been done.   The evidence, as we find it in the record, shows clearly, we think, that the sale of the apparatus by the claimant to Brooks, the intestate, was a *conditional* sale, and that the title thereto was not to vest in him until it was paid for.   The fact that a part of the contract between the parties was called a "lease" did not alter or change its legal effect; the question would still remain : what was the contract between the parties, as shown by the evidence in the record ?   In view of the evidence, as we find it in the record, the verdict of the jury was contrary to the evidence and the principles of justice and equity, the only slight evidence in favor of the verdict is, that the apparatus was in the possession of the intestate at the time of his death.   In our judgment, the court erred in overruling the claimant's motion for a new trial.

Let the judgment of the court below be reversed.

JACKSON, Judge, concurred as follows:

I doubt the correctness of the judgment of reversal, because the evidence of the agent of Puffer is all illegal, the

agent being an incompetent witness for the reason that Brooks, Peabody's intestate, was dead, and the suit was against the administrator. I doubt whether a case should be sent back on the ground that the verdict is contrary to law and evidence, when the evidence, to which it is contrary, is, on its face, illegal, though not objected to on the trial, so far as the record shows.