FLOURNOY, HATCHER & COMPANY *vs.* WARDLAW.

1. The grounds of a motion for new trial must affirmatively appear to be correct by a certificate to the motion itself, or by an affirmative recital in the bill of exceptions; otherwise they will not be considered by this court. A statement in the bill of exceptions that the grounds set forth in the motion for new trial were the grounds taken on trial, as stated, was not sufficient.

2. A tenant agreed to pay rent in cotton raised on the land. After the crop had been "laid by" he died, and by agreement his widow proceeded to carry out the contract. She had cotton picked and placed in the gin-house of the landlord; the latter had it ginned, packed and carried it to town for her. There, by inadvertence, he left the cotton at the warehouse of a creditor of his, who sought to apply it to his debt to them:

*Held*, that the widow had a right of action for the cotton against the warehouseman. A landlord's creditor cannot, without consent of parties, take the tenant's cotton to be applied to the landlord's debt.

(*a.*) Possession of property under claim of right will give a right of action against one who unlawfully interferes therewith.

Practice in Supreme Court. Practice in Superior Court. Landlord and Tenant. Actions. Debtor and Creditor.

Before Judge WILLIS. Muscogee Superior Court. November Adjourned Term, 1880.

. Reported in the decision.

. SAMUEL B. HATCHER, for plaintiffs in error.

T. W. GRIMES; M. H. BLANFORD, for defendant.

CRAWFORD, Justice.

1. When this case was called, a motion was made to dismiss the same, because there was no certificate of the judge below that the grounds contained in the motion for a new trial were true. The certificate of the judge was that the grounds set forth in the motion for a new trial were the grounds taken on trial as stated.

This is not such a verification as the law requires. The grounds of a motion for a new trial must be certified to be true, and not that they were the grounds taken. They may have been the grounds taken on the motion for a new trial, and yet not have been true, and the motion for that very reason may have been overruled. Had the certificate of the judge stated that the grounds set forth were the grounds taken on the trial before the jury, it would have been good. It must affirmatively appear by the judge's certificate on the motion itself, or by an affirmative recital in the bill of exceptions, that the grounds taken are true, or they cannot be considered by this court. Neither construction nor implication will be resorted to, to cover this defect, the verification must be positive. 59 *Ga.*, 295, 436, 653; 58 *Ib.*, 56; 48 *Ib.*, 425. The questions made otherwise than in the motion not certified by the judge to be true, will be considered.

. 2. Elmira Wardlaw brought her action of trover to recover certain cotton in the possession of Flournoy, Hatcher & Co., and which she alleged that they had unlawfully converted to their own use. The evidence showed

that her husband had rented some land from, and was the tenent of, one Wardlaw. The rent was to have been paid in cotton raised on the land. After the crop was "laid by" in August, the husband died, and it was agreed by the landlord and the said Elmira that she gather the crop and take the benefit of the contract of the husband therein. The cotton in dispute was a part of the said crop which her children and herself had picked and placed in the gin-house of the said Wardlaw. He had it ginned, packed and carried to the city of Columbus, where, by mistake, it was thrown off in the warehouse of the defendants, who refused to return it when notified that the delivery there was wholly unintentional.

The defendants received and treated the cotton as Wardlaw's, who was indebted to them for former advances. The plaintiff was indebted to Wardlaw for both rent and supplies. He was indebted to Slade & Etheridge and intended paying them with the cotton.

The jury, under the charge of the court and the foregoing facts, found for plaintiff the value of the cotton, and the question before us is whether the verdict is supported by the testimony.

That the possession of this cotton was in the plaintiff under a claim of right cannot be disputed, and that she never parted with the interest she had therein is also clear. It is true, that the landlord ginned, packed and carried it to town; but in doing this he was nothing but an agent, acting for her, and was liable to account to her for its disposition. He never disposed of it at all, the defendants came into possession by an inadvertence, and claimed the right to hold it for advances due them as warehouse and commission men. How this may have been, had it been his cotton, is not in this case. But were they entitled to hold it as against the plaintiff? She had not parted with her interest in it, either by herself or Wardlaw, her agent, the defendants had possession of it without the consent of either, and when they converted it to their own use,

such conversion was *tortious.* Although Wardlaw may have had the right to sell the cotton, yet until this was done, no one else could claim the right to appropriate it to the payment of his debts. But it is said that the plaintiff had no title to this cotton herself; whether she had or not, she had possession under a claim of right, and this alone gave her a right of action against one who unlawfully dispossessed her. 57 *Ga.,* 218; Code, §3027.

Judgment affirmed.