## 650.　SOELL *v.* THE STATE.

1. Error in the overruling of a motion to exclude testimony may be assigned by exceptions pendente lite, or may be reviewed by motion for new trial.
2. The grounds of a motion for new trial must be distinctly approved by the trial judge. This approval may be entered upon the motion, or the ground of the motion may be verified in the bill of exceptions, but grounds of a motion not approved will not be considered by a reviewing court.
(*a*) The approval of a ground of a motion for new trial extends no further than to verify statements contained therein as written.
(*b*) Where it does not appear that the objection which is urged to the admissibility of evidence was presented to the trial judge at the trial, or what objections, if any, were urged in support of a motion to exclude testimony, nothing is presented for the determination of the court in passing upon this ground of the motion for new trial and it may be disregarded without error.
3. Though the evidence of the defendant's guilt is weak and unsatisfactory, this court has no jurisdiction to review a finding of the jury upon an issue of fact.

Indictment for selling liquor, from Walker superior court—Judge Wright. July 10, 1907.

Submitted October 7, 1907,—Decided May 18, 1908.

*Payne & Payne, Lumpkin & Wright, J. E. Rosser,* for plaintiff in error.

*W. H. Ennis, solicitor-general, Walter B. Shaw,* contra.

RUSSELL, J. The plaintiff in error, having been convicted, made a motion for new trial. His motion was originally based upon two general grounds; and, by amendment at the hearing, a third ground was added. The decision of the case turns upon the disposition of the third or amended ground of the motion. After thorough investigation, prolonged consideration, and several thorough discussions of the record in this case and of the law applicable thereto, this court is satisfied that we can not hold that the trial judge erred in overruling the motion for new trial.

The amended ground of the motion for new trial, which was allowed by the presiding judge, was as follows: "Because the court erred in not sustaining the motion of the defendant to exclude the testimony of T. A. Mashburn, to the effect that he purchased from Guy Shuttleworth, at Park City, Ga., some beer and whisky, paying for the same, 'but the sale was made to him by Shuttleworth, to whom I paid the money therefor,' and in admitt-

22

ing said testimony; said evidence being inadmissible and incompetent under the allegations of the indictment; and there is a material variance between the allegations of the indictment and said testimony. Said defendant was not put upon notice, by the indictment that he was called upon to defend, where the illegal sale was claimed to have been made through another person as agent. Wherefore defendant prays the grant of a new trial upon the above ground." "Allowed. Moses Wright, J. S. C. R. C." It will be noticed that the amended ground of the motion for new trial is only *"allowed"* by the presiding judge; which is not equivalent to that distinct and affirmative approval which is essential for the verification by the court of the statements of fact therein contained. Nothing is better settled than that grounds of a motion for new trial, not approved by the trial judge, will not be considered by a reviewing court. "An amendment to a motion for a new trial which has upon it an entry to the effect that it was 'allowed' by the judge, with nothing else to indicate an approval of its grounds, is not sufficiently verified to authorize this court to deal with the assignments of error therein made." *Merritt* v. *Merritt,* 113 *Ga.* 569 (38 S. E. 973). The entry of *allowance* meant "nothing more than that counsel's request to file additional grounds as an amendment was granted. A trial judge may pass upon grounds of a motion for new trial without approving them in the first instance. If, however, he overrules the ·motion and the case is brought here, it is necessary  .  .  that they have the express approval of the trial judge and that the fact of his approval affirmatively appear. Had this motion been granted by the trial judge  .  .  [and could the case have been brought here by the State], alleging error in granting the motion, the granting of the motion would have been such a verification of the grounds that they could be considered here. The granting of the motion on these grounds verifies their truth." *Long* v. *Scanlan,* 105 *Ga.* 425 (31 S. E. 436). See also *Stephens* v. *Woolbright,* 60 *Ga.* 323; *Flournoy* v. *Wardlaw,* 67 *Ga.* 378; *Skinner* v. *Roberts,* 92 *Ga.* 366 (17 S. E. 353).

The purpose of the verification of a ground of a motion for new trial being to inform the appellate court as to what indisputably occurred on the trial in the lower court, it has uniformly been held that if the judge, in the bill of exceptions, certified such a ground to be true, this would be equivalent to an approval of the

ground in the first instance. It must affirmatively appear by the judge's certificate, on the motion itself, or by an affirmative recital in the bill of exceptions, that the grounds taken are, as a matter of fact, true, or they can not be considered by the appellate court; and either will suffice to verify all that is stated in any or all of the grounds of the motion, but not more than is thus contained. *Smith* v. *Summerlin,* 48 *Ga.* 425; *Puffer* v. *Peabody,* 59 *Ga.* 295; *Central R. Co.* v. *Sears,* 59 *Ga.* 436; *Flanders* v. *Maynard,* 58 *Ga.* 56; *DeVaughn* v. *McLeroy,* 82 *Ga.* 700 (10 S. E. 211); *Thompson* v. *Ga. R. Co.,* 55 *Ga.* 458.

In the case now sub judice, the ground of the motion is fully verified in the bill of exceptions; so we can treat the ground of the motion as if it had been distinctly approved in the first instance, and accordingly consider it. In the bill of exceptions the judge certified that the objections upon which the motion to exclude the testimony were based were fully stated at the time that the motion to exclude it was made. For myself, I think this certificate will enable us to deal with these objections upon their merits, because, from the statement of the judge in the bill of exceptions, we know that the reason upon which the ruling of the court was invoked was stated at the trial, and, speaking for myself, I think the objection should have been sustained. I base my opinion upon the fact that the only purpose of the judge's certificate is to state to this court what really transpired, as the only really authoritative source from which we can derive that information. In this case the statement in the bill of exceptions, which is certified by the presiding judge, supplements and makes perfect for our consideration a ground of the motion for new trial which would otherwise be valueless. On the other hand, it frequently happens that an explanatory note on the part of the trial judge minimizes or absolutely destroys what would be an unanswerable point in favor of a plaintiff in error. It seems to me that taking into consideration the reason of the rule, it should work both ways. However, there seems to be considerable authority in support of the position of my colleagues, that the certification of the judge, contained in the bill of exceptions, extends no further than to verify the ground of the motion as it is written, whether it be perfect or imperfect. I am persuaded to yield the opinion I have heretofore entertained, by the consideration that if this had been

a civil case, and the judge, instead of overruling the motion, had granted it, and the respondent in the motion (instead of the movant) had brought the case to this court for review, we should probably be constrained to reverse the judgment granting a new trial, if it rested upon this ground alone; for the reason that it does not appear that the objections to the testimony, now urged, were presented to the court at the time a ruling was invoked. It will be observed that in the ground of the motion under consideration there is no statement that the objections urged by the plaintiff in error, to the admissibility of the testimony which he sought to have excluded, were presented to the court at the time the motion was made. Nothing is better settled than that the distinct ground of objection to testimony must be clearly presented, and that in default of an explicit statement of the ground of the objection, the correctness of the court's ruling is immaterial, because no ruling is properly invoked or required. We conclude, therefore, that as the point upon which our ruling is asked was never properly before the trial judge for his consideration, it was not error in the judge if he disregarded this ground of the motion entirely, because defective, and based his decision upon the other grounds of the motion.

Having disposed of the third ground of the motion, an affirmance of the judgment necessarily results from consideration of the two grounds, (1) that the verdict is contrary to law, and (2) that the verdict is contrary to the evidence and without any evidence to support it. Neither of these grounds is broad enough to include a consideration of the question whether the defendant, who was indicted as having sold intoxicating liquors directly, could be convicted upon proof that the intoxicating liquor in question was sold by one Shuttleworth, who testified that the defendant was one of the joint owners of the liquors kept for sale. Although we are constrained to hold that we could not consider the ground of the motion which raised this particular point, and although the plaintiff in error failed to except pendente lite, the certificate of the judge in the bill of exceptions would have presented the question had the bill of exceptions been certified within twenty days from the ruling complained of. But investigation of the record shows that more than two months elapsed between the trial and the presentation of the bill of exceptions. Upon review of the evidence

(which, in view of our ruling above, must be considered as having been admitted without objection), we find that it would authorize the conviction of the defendant, and we are therefore constrained to hold that the judge did not err in overruling the general grounds of the motion and in refusing a new trial. We are unanimous in the opinion that the evidence in behalf of the State, as to the connection of this defendant with the sale of the liquors in question, is weak and to us insufficient. The only witness for the State who shows that this plaintiff in error had any connection with the sale (and who was brought from the chain-gang to testify) appears to us to have been plainly impeached and discredited, both by proof of his contradictory statement and by the circumstances attending the disposition of the stock of liquors after his conviction, which is a strong circumstance corroborative of the impeaching testimony. Had we been upon the jury we should have favored an acquittal. But as to issues of fact this court has no power to reverse the findings of juries, nor any disposition to invade the peculiar province wisely allotted to them by law. The jury saw the witnesses and heard them. They are better able to reach the truth than we.

*Judgment affirmed.*