## 2140. BURKES *v.* THE STATE.

An indictment for a violation of the act of 1905, in being intoxicated on a public street or highway, which fails to specify the public highway, except by the general terms of the statute, is too vague and indefinite to enable the accused to prepare for his defense. The particular public highway on which the accused appeared in a condition of intoxication should be designated or described.

Indictment for drunkenness on highway; from city court of Newnan—Judge Freeman. August 30, 1909.

Submitted October 6,—Decided November 9, 1909.

*W. G. Post,* for plaintiff in error.

*W. L. Stallings, solicitor,* contra.

HILL, C. J.   Burkes was indicted under the act of the legislature approved August 22, 1905 (Acts of 1905, p. 114), which makes it unlawful for any person to be and appear in an intoxicated condition "on any public street or highway," etc.   He filed a general and special demurrer to the indictment, the latter alleging that the indictment was insufficient in that "it failed to show upon what public street or highway in said county the said Tom Burkes appeared in an intoxicated condition."   The court overruled the demurrers, and exceptions pendente lite were duly filed.   The case proceeded to trial and the defendant was convicted, and a motion for a new trial was made and overruled.   The view that we entertain of the ground of special demurrer makes it unnecessary to consider any other question in the case.   The act under which the indictment is framed, in general terms, makes it a misdemeanor "for any person or persons to be and appear in an intoxicated condition on any public street or highway," etc.; and the indictment is in this general language of the statute, and is claimed to be sufficient by virtue of section 929 of the Penal Code.   This section swept away all technical niceties of pleading, required by the common law, and declares that "every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may be easily understood by the jury."   In construing this section the Supreme Court, in *Johnson* v. *State,* 90 *Ga.* 444 (16 S. E. 92), as well as in previous decisions, has held that it "simply means that an indictment conforming substantially to its requirements will be sufficient, but it is not designed to deny to one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial;" and further, that the section above cited "was not to dispense with the substance of good pleading."   See also *Amorous* v. *State,* 1 *Ga. App.* 313 (57 S. E. 999). Of course, the indictment in this case was good in substance, and sufficiently full to withstand a general demurrer, or to support a conviction as against a motion in arrest of judgment, but in our opinion "it is wanting in that degree of detail and definiteness

which the accused had a right to demand before going to trial on the merits." Something more is required in describing an offense than that the jury trying the case shall be plainly informed of the nature of the offense charged against the defendant. Whether the indictment sets forth the offense in the language of the statute or otherwise, it must not only set it forth so plainly and distinctly that the jury may understand the nature of the offense charged, but the defendant also is entitled to be informed by the indictment of the time and place of committing the offense, with sufficient certainty to enable him to prepare for his defense. Section 929 of the Penal Code, supra, while making unnecessary all mere technical allegations, nevertheless requires that "the offense, and the time and place of committing the same," shall be set forth "with sufficient certainty." In other words, as stated by the Supreme Court in *Johnson* v. *State,* supra, §929 must be construed so as not to deny to one accused of crime the right to have an indictment perfect as to the essential elements of the crime charged. So the question now under discussion resolves itself into this: was the allegation in the indictment, as to the place where the defendant was in an intoxicated condition, sufficient to inform him of the offense charged against him, and does it set forth enough of the particular facts constituting the alleged offense to enable him to prepare for trial? The statute makes it an offense to be intoxicated on any public street or highway. If the defendant was not guilty, it seems that it would be fair to him, in order that he might prepare himself for his defense, that he be informed by the indictment as to what particular highway in the State he was on in an intoxicated condition. He would have the right to show that although intoxicated and on a highway, the highway in question was not in fact a public highway. It is true that the State must affirmatively show that the highway was a public highway, but the defendant should be prepared by a specific allegation, to meet the affirmative proof made by the State on this vital question. It would seem to be unfair that he must be called upon, in order to prepare his defense, to investigate the character of every highway in the county in which he is indicted. The specific highway upon which he was intoxicated, and which is declared by the indictment to be a public highway, should be named or described with such particularity that he might safely confine his investigations to the highway covered by

the allegations of the indictment. The cases relied upon by the State, in which it was held that in indictments for unlawful traffic in whisky, or for carrying concealed weapons, it is unnecessary to allege the place of such traffic or carrying the weapons concealed, are not strictly analogous to the case now under consideration. It is an offense to sell whisky or to carry a concealed weapon anywhere, while it is only penal to be intoxicated on a public street or highway. In other words, the public character of the highway or street is an essential element of the offense. This court is in thorough sympathy with the trend of modern legislation, as well as of judicial interpretation, which is strongly against upholding mere technicalities in pleading or mere technicalities in evidence, but we are not prepared to go to the extent of holding that in an indictment under a statute which makes the character of the place an essential element of the offense, the place need not be described with sufficient particularity to enable the defendant to prepare his defense and to meet the proof of the State. "It is an elementary principle of criminal pleading that where the definition of an offense, whether it be at common law or by a statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition, but it must state the species; it must descend to particulars." 1 Arch. Cr. Pr. & Pl. 291; United States v. Hess, 124 U. S. 483 (8 Sup. Ct. 571, 31 L. ed. 516). We think the defendant was entitled to know, by the allegation of the indictment, the public highway he was charged with being on in an intoxicated condition. He had the right to have this essential element of the offense described with sufficient particularity to relieve him from unnecessary burdens in making his defense. For the reasons above stated, we think the special demurrer should have been sustained.

*Judgment reversed.*