*J. L. Mayson, W. D. Ellis Jr.,* contra.

---

## 3298.  DEAN v. THE STATE.

1. The indictment described the offense in the language of the code, and with sufficient additional particularity to fully identify the transaction wherein the accused was alleged to have violated the law.

2. An indictment for extortion is sufficient when it designates the office held by the accused, and states that, by color of his office and in his official capacity, he unlawfully took from a named person a specified sum of money, which was not due him.

3. To constitute a levy, there must be an actual or constructive seizure of property. The property must be so far brought under the subjection of the officer that he can exercise control, and does assume to exercise dominion of it by virtue of his writ. The mere declaration by an officer of an intent to seize property does not constitute a levy. The officer must do some act for which he could be successfully prosecuted as a trespasser, if it were not for protection afforded him by the writ.

4. The evidence authorized the conviction.

DECIDED APRIL 24, 1911.   REHEARING DENIED JUNE 7, 1911.

Certiorari; from Fulton superior court—Judge Ellis.   November 21, 1910.

*Thomas B. Brown,* for plaintiff in error.

*Hugh M. Dorsey,* solicitor-general, *Lowry Arnold, Eb. T. Williams,* contra.

Russell, J. The plaintiff in error was convicted of extortion. His petition for certiorari was overruled, and he excepted.

1. The defendant demurred to the indictment upon the grounds: (1) It sets out no particular act or conduct of the defendant. (2) It does not set forth whether the defendant was executing, or pretended to execute, some legal or purported legal paper under the color of his office. (3) It does not describe the offense of extortion with sufficient certainty to put the defendant on notice as to what he must defend. (4) It does not allege any particular act on the part of the defendant in the discharge of his duty under color of his office, in which he demanded, exacted, or took more than was due him, or before it was due him, or whether it was taken as costs, or for any other pretended legal purpose coupled with the discharge of his duties as constable. We think this demurrer was properly overruled. Extortion, as defined by the code, "shall consist in any public officer's unlawfully taking, by color of his office, from any person any money or thing of value that is not due to him, or more than is due." Penal Code (1910), § 302. Under the Penal Code (1910), § 954, "every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct which states the offense in the terms and language of this code, or so plainly that the nature of the offense charged may be easily understood by the jury." Under our system of criminal pleading, in order that the nature of the offense may be plainly understood by the jury, it is generally sufficient if the offense is stated in the language of the code; but there are exceptions to this rule, as we pointed out in *Soell* v. *State,* 4 Ga. App. 337 (61 S. E. 514). At last, so far as the rights of the defendant are concerned, the requisite of a valid indictment, as to form, is that the offense with which the accused is charged shall be so stated as to give him ample opportunity to prepare for his defense. The definition of extortion, as contained in the code, is extremely simple, and in passing upon the demurrer it is only necessary to inquire whether the case is one which falls under the general rule, where the language of the code is sufficient to inform the defendant of the nature of the charge against him, and of the transaction in which he is alleged to have violated the law,

or whether it comes within the exception, where there must be an amplified statement of details of the transaction, so as not to deprive the defendant of the substantial right of being informed of the nature of the charge against him, and of having an opportunity to defend against it. The indictment described the offense in the language of the code, and with sufficient additional particularity to fully identify the transaction wherein the accused was alleged to have violated the law.

It was alleged that "the said J. W. Dean, in the county aforesaid, on the 23d day of May, in the year of our Lord 1910, with force and arms, being then and there a lawful constable in and for the 1422d district, G. M., of Fulton county, Ga., did, by color of his office as such constable, unlawfully take $3.80 in money from Mrs. W. G. Overby, which was not due him, said money of the value of $3.80, and the property of Mrs. W. G. Overby." The sum and substance of the objections contained in all the grounds of the demurrer, except the second, is that the defendant was not told in what particular respect or what particular transaction he was violating the law. The second ground alleges the indictment to be defective because it is not alleged whether the defendant was executing, or pretending to execute, some legal or pretendedly legal paper under color of his office. Under the code definition of extortion, if an officer, by color of his office (which means using his office as a means to effect his object), obtains money or other thing of value which is not due him, the offense is committed, whether he was executing a legal paper, or was not pretending to execute any paper at all. Under the code section, one who is an officer and clothed with authority, who uses his office to exact money that is not due him, or more than is due him, may be guilty of extortion, although he may not pretend to be executing any process; and he may be guilty if he extorts such money upon promise not to execute. As to the first, third and fourth grounds of the demurrer: The office the defendant held is alleged in the indictment, and it is alleged that by color of his office he collected from Mrs. W. G. Overby, upon a given date, a certain sum of money specified in the indictment. The indictment is in the language of the code, and in this particular instance that language is sufficient to make clear to the jury the nature of the offense charged and the transaction involved.

2. The definition of extortion is such that the language of the code is sufficient as the basis of the indictment, provided the facts of the particular transaction are set out, so as to protect the accused from being again put in jeopardy for the same transaction. An indictment for extortion is sufficient when it designates the office held by the accused, and states that, by color of his office and in his official capacity, he unlawfully took a specified sum of money, which was not due him, from a named person.

3. It is insisted that the conviction of the defendant was un-. authorized, because the evidence is undisputed that a levy of the laborer's lien was made upon the property of Mrs. Overby, and that the overplus of the amount actually due by her was returned as soon as the amount could be ascertained. According to the evidence of the prosecuting witness, there was no levy, but merely a threat to levy; and in view of the verdict rendered, the testimony of the State upon this subject must be accepted as the truth. According to the testimony of Mrs. Overby, no levy was made; but she was threatened with a levy in pursuance of a laborer's lien, and was informed that she could not give bond. To constitute a levy there must be an actual or constructive seizure of property. The property must have been so far brought under the subjection of the officer that he can exercise control, and does assume to exercise dominion of it by virtue of his writ. The mere declaration by an officer of an intent to seize property does not constitute a levy. The officer must do some act for which he could be successfully prosecuted as a trespasser, if it were not for the protection afforded him by the writ.

4. The evidence authorized the verdict of guilty. It is true there was evidence on the part of the defendant that he did not collect the money, that he did not say anything to Mrs. Overby at all, and that he was merely present with one Hopkins, who was the officer in charge of the fi. fa.; but, on the other hand, as disclosed by the answer to the certiorari, Mrs. Overby swore that the defendant was the person who made the threat to levy and insisted upon the demand for the money, and the person to whom she paid the money. This raises a distinct issue of fact. The credibility of witnesses is so exclusively within the province of the jury that this court has no jurisdiction to set aside the finding in this case.

*Judgment affirmed.*