### 18154. HARRIS *v.* THE STATE.

"One accused of crime has the right, if he demands it by timely demurrer, to have an accusation perfect in form and substance."

The allegation that the defendant fraudulently represented that he was "agent authorized to take orders for clothing" was subject to demurrer because of failure to allege whom he claimed to represent as agent in taking such orders. The indictment does not inform the defendant of the exact transaction for which he is indicted, and facts are not set out so as to enable him to prepare his defense. The court erred in overruling the demurrer to the indictment.

> DECIDED JULY 14, 1927.

Cheating and defrauding; from Putnam superior court—Judge Park. April 27, 1927.

The indictment alleged that the accused "with force and arms, did unlawfully, wrongfully and fraudulently represent to one Morris Griffin that he, the said Percy Harris, was agent authorized to take orders for clothing, and did procure from the said Morris Griffin the sum of ten dollars as part payment on an order, when in truth and in fact he, the said Percy Harris, was not an agent authorized to sell and take orders for clothing, and by said deceitful means and fraudulent practice did cheat and defraud the said Morris Griffin, whereby loss was sustained by the said Morris Griffin in the sum of ten dollars." The accused filed a special de-

---

False Pretenses, 25 C. J. p. 623, n. 86.

Indictments and Informations, 31 C. J. p. 661, n. 95, 96; p. 712, n. 71; p. 819, n. 19.

murrer which in part was as follows: "Said special presentment is insufficient in law, for the reason that the same is so vague and indefinite as not to reasonably inform this defendant of the exact transaction for which it is sought to put him on trial, and because of said fact this defendant is unable to prepare his defense, summons his witnesses, and go to trial;" and "on the ground that it sets out the following: 'did unlawfully, wrongfully and fraudulently represent to one Morris Griffin that he, the said Percy Harris, was an agent authorized to take orders for clothing,' and because said special presentment does not set out for whom said Percy Harris claimed to be agent, and whose agent he claimed to be, or whom he claimed to represent as agent in taking said orders for said clothing;" and that said special presentment "does not set out whose agent defendant claimed to be or whom he claimed to represent in taking orders for clothing," and does not "set out any facts so as to enable this defendant to prepare his defense in said case and summons his witnesses." The demurrer was overruled, and exceptions pendente lite were filed. Upon the trial of the case the jury returned a verdict of guilty; a motion for a new trial was filed, and when this was overruled the accused excepted.

*R. C. Jenkins,* for plaintiff in error.

*Joseph B. Duke, solicitor-general,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) The indictment is so vague and indefinite that it does not inform the accused of the exact transaction for which he is indicted. It "does not set out whose agent defendant claimed to be, or whom he claimed to represent in taking orders for clothing," nor does it "set out any facts so as to enable this defendant to prepare his defense." In *Burkes* v. *State,* 7 *Ga. App.* 39 (65 S. E. 1091), Chief Judge Hill (p. 42) quoted with approval the following from Archbold's Cr. Pr. & Pl.: "It is an elementary principle of criminal pleading that where the definition of an offense, whether it be at common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition, but it must state the species; it must descend to particulars." In this case we think the accused was entitled to know by allegations in the indictment the particular person, firm, or corporation that he was alleged to represent as agent. Without such an allegation the

principal would probably be undiscoverable, and the accused might be placed absolutely at the mercy of the prosecution though the testimony against him may be false. It is true that upon a trial of the case the State would be required to affirmatively show that the accused represented that he was the agent of and authorized to take orders for some concern, but the defendant should be put upon notice by a specific allegation in the indictment and thus be enabled to prepare to meet the proof made by the State on this vital question. It would seem to be unfair that in order to prepare his defense he must be called upon to investigate every concern in the State who had agents employed for the purpose of taking orders for clothing. "He had the right to have this essential element of the offense described with sufficient particularity to relieve him from unnecessary burdens in making his defense." For these reasons we think that the court erred in overruling the special demurrer, and because of this error the further proceedings were nugatory. *Carter* v. *State,* 12 *Ga. App.* 432 (2) (78 S. E. 205) ; *Roughlin* v. *State,* 17 *Ga. App.* 210 (3) (86 S. E. 452) ; *Wingard* v. *State,* 13 *Ga.* 400 (2).

    *Judgment reversed. Broyles, C. J., and Luke, J., concur.*