25469. ROBERTS *v.* THE STATE.

DECIDED DECEMBER 2, 1936.

*Sutherland, Tuttle & Brennan, Herbert R. Elsas, J. W. Dennard, Strozier & Gower,* for plaintiff in error.

*Allan C. Garden, solicitor-general,* contra.

GUERRY, J. Dan Roberts was tried and convicted under an indictment which alleged that he did "unlawfully and with force and arms, by himself and another, keep, maintain, employ, and carry on a lottery and other scheme and device for the hazarding of money and other valuable thing, and did counsel and procure and aid, abet, and assist in the keeping, maintaining, employing,

and carrying on of a lottery and other scheme or device for the hazarding of money and other valuable thing." The defendant filed a demurrer as follows: "(1) That the allegations of said indictment set forth no offense against the laws of Georgia. (2) That the allegation in the indictment that the defendant did . . 'keep, maintain, employ, and carry on a lottery' is a mere conclusion of the pleader, for that the indictment fails to set forth the particular facts constituting the alleged offense so as to enable him to prepare for trial. (3) That the indictment is fatally defective in that it fails to set forth in any particularity what 'scheme or device for the hazarding of money,' was used or employed by the defendant. (4) That the said indictment is defective in that the allegations thereof do not set forth with sufficient particularity any facts or circumstances constituting the offense of lottery; nor does said indictment set forth any scheme or device for the hazarding of money, constituting an offense against the laws of this State, with sufficient particularity to enable this defendant to prepare his defense." An indictment in the language of the Code which names or describes the game, scheme, or device which is alleged to constitute a lottery is sufficient, without specifying the manner in which the machine, game, scheme, or device is operated. *Kolshorn* v. *State,* 97 *Ga.* 343 (23 S. E. 829); *Guthas* v. *State,* 54 *Ga. App.* 217 (187 S. E. 847).

While it is not necessary to allege the manner in which a lottery is operated, except to name its species or kind, a defendant is entitled to know the kind of lottery he is charged with having operated. As a general rule, it is sufficient in an indictment for a statutory offense to describe the offense in the words of the statute. Code, § 27-701. "This section, however, was not 'designed to deny to one accused of crime the right to know enough of the particular facts constituting the alleged offense to be able to prepare for trial.' *Johnson* v. *State,* 90 *Ga.* 441 [16 S. E. 92]." *Gibson* v. *State,* 118 *Ga.* 29 (44 S. E. 811). "'It is an elementary principle of criminal pleading that where the definition of an offense, whether it be at common law or by a statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition, but it must state the species; it must descend to particulars.' 1 Arch. Cr. Pr. & Pl. 291; United States *v.* Hess, 124 U. S. 483 (8 Sup. Ct. 571, 31 L.

ed. 516)." *Burkes* v. *State,* 7 *Ga. App.* 39 (65 S. E. 1091); *Roughlin* v. *State,* 17 *Ga. App.* 205 (86 S. E. 452); *Harris* v. *State,* 37 *Ga. App.* 113 (138 S. E. 922). Lotteries are necessarily of various kinds. Charging the offense in the language of the Code and naming the lottery as a "number game" has been held sufficient. *Guthas* v. *State,* supra. See also *Kolshorn* v. *State,* supra. The lottery proved in the present case against the defendant was known as "bank night." However, under the indictment the defendant was not put on notice whether he was to be charged with the operation of a "slot machine," or a "number game," or a "policy lottery," nor did the indictment set out in what manner the lottery was operated. We think the defendant was entitled to have the charge against him, under the broad generic terms of a lottery, more particularly described so that he might prepare against the same. In *Sparks* v. *State,* 48 *Ga. App.* 498 (173 S. E. 216), the scheme or device was denominated as a "marbl-jax table," and contained a further description, the "same being played with balls and marbles." In the present case it is charged merely that the defendant did operate a lottery, without more. A demurrer calling attention to this should have been sustained. In view of this ruling it becomes unnecessary to pass on the other assignments of error.

*Judgment reversed.* *Broyles, C. J., and MacIntyre, J., concur.*