### 38063. BAILEY v. THE STATE.

DECIDED JANUARY 21, 1960.

*Walter H. Bolling,* for plaintiff in error.

*R. F. Chance, Solicitor-General,* contra.

TOWNSEND, Judge. ■ Ordinarily an indictment which sets out an offense in the language of the statute is sufficient. An assault is an attempt to commit a violent injury on the person of another. Code § 26-1401. "Assault and battery may be committed by striking another with an automobile intentionally, or by driving the machine so recklessly as to justify a jury in finding that there was a reckless disregard of human life and safety." *Tift* v. *State,* 17 *Ga. App.* 663 (1) (88 S. E. 41); *Dennard* v. *State,* 14 *Ga. App.* 485 (81 S. E. 378). In *Wright* v. *State,* 166 *Ga.* 1 (1) (141 S. E. 903) it was held that an indictment for murder alleging that the defendant did kill and murder one Baker by "running a certain Ford automobile driven by him against and onto said Baker," thereby inflicting wounds from which he died, was not subject to demurrer. In *Martin* v. *State,* 98 *Ga. App.* 136 (105 S. E. 2d 250) an indictment of the

defendant for misdemeanor "in that he did unlawfully drive and operate an automobile onto and against an automobile being driven by one Louise Head with heedless disregard for human life" was likewise held sufficient to withstand demurrer. This does not violate the rule in *Roughlin* v. *State*, 17 *Ga. App.* 205 (1) (86 S. E. 452) that where an act is intrinsically lawful, in order to sufficiently allege that the act was unlawfully done there must be a statement of fact as to the manner in which it was done, and not a mere conclusion to the effect that it was done unlawfully. While it is lawful to operate an automobile, it is not lawful to assault a pedestrian with it. That assault may be intentionally done for the purpose of running down and injuring the person assaulted, or it may be done simply by operating the vehicle in such a reckless, heedless, and criminally negligent manner as to run him down without having any specific intent so to do. In an indictment for assaulting a named person by running him down with an automobile, it is not essential for the indictment to allege that the defendant also violated some other statute, such as those prohibiting speeding or driving while under the influence of intoxicants. The demurrer is without merit.

■ The special ground of the motion for new trial contends that the court should even in the absence of request have charged the law relating to circumstantial evidence. Counsel for both sides in their briefs seem to go on the assumption that the issue here is whether there is any direct evidence that the defendant was intoxicated. However, this defendant was not on trial for driving while under the influence of intoxicants, but he was on trial for assaulting a pedestrian by driving in such a criminally negligent manner as to hit and injure him. His intoxication at the time is accordingly irrelevant except as it explains the manner in which he was driving. From the facts testified to by eyewitnesses, the defendant had already topped the crest of the hill, passed two wrecked automobiles partially blocking the road, two or three wreckers also partially or wholly within the road, and was threading his way through a crowded area where people were constantly crossing and recrossing the highway. For him to drive his car in such manner under these conditions, although the speed of his vehicle was not shown, and to hit two persons

standing at the edge of the highway under these circumstances is sufficient to authorize a conviction. The evidence that he did so rests on direct testimony. The defendant's contention that his brakes failed while he was going down the hill and that in spite of his efforts to steer so as to avoid hitting anybody or anything he was unable to do so, if believed, would have been a good defense provided he was not otherwise operating his car in a criminally negligent manner, but this question was entirely for the jury, who decided the issue against him. Neither the general grounds nor the special ground of the motion for new trial are meritorious.

The trial court did not err in overruling the demurrer to the indictment and the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*