43162.   CRAGG v. THE STATE.

SUBMITTED NOVEMBER 8, 1967—DECIDED JANUARY 25, 1968.

John G. Davis, for appellant.

Herbert B. Kimzey, Solicitor General, for appellee.

BELL, Presiding Judge. "Every indictment or accusation . . . shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury. . ." Code § 27-701. "This means that an indictment conforming substantially to the requirements of this section will be sufficient, but it is not designed to deny to the accused the right to know enough of the particular facts constituting the alleged offense to enable him to prepare for trial." Mell v. State, 69 Ga. App. 302, 303 (25 SE2d 142); Johnson v. State, 90 Ga. 441, 444 (16 SE 92). Thus there are exceptions to the principle stated in Code § 27-701. See Burkes v. State, 7 Ga. App. 39 (65 SE 1091); Youmans v. State, 7 Ga. App. 101, 113 (66 SE 383); Roughlin v. State, 17 Ga. App. 205, 207 (86 SE 452).

One of the exceptions, argued by defendant, is that where the statutory definition of an offense includes generic terms, the indictment must state the species of act charged; it "must descend to particulars." Harris v. State, 37 Ga. App. 113, 114 (138 SE 922); Roberts v. State, 54 Ga. App. 704, 705 (188 SE 844); Ramsey v. State, 85 Ga. App. 245, 247 (69 SE2d 98). But the offense of indecent molestation of a child as defined by the Act of 1950 (Ga. L. 1950, pp. 387, 388, as amended by Ga. L. 1953, Nov. Sess., pp. 408, 409; Code Ann. § 26-1301a) does not come within this exception.

The words "immoral, improper or indecent liberties" and "lewd or lascivious act" are used to describe an act done "with intent of arousing, appealing to, or gratifying the lust or passions or sexual desires." Code Ann. § 26-1301a. We think the terms of the statute on which the indictment is based distinctly individuate the defined offense and that the use of those terms in

the indictment is sufficient to give defendant reasonably certain notice of the specific acts charged and thus enable him to prepare his defense. Bute v. Illinois, 333 U. S. 640, 645, ftn. 3 (68 SC 763, 92 LE 986); People v. Scattura, 238 Ill. 313 (87 NE 332); People v. Sims, 393 Ill. 238 (66 NE2d 86); State v. Kernan, 154 Iowa 672 (135 NW 362); State v. Schumacher, 195 Iowa 276 (191 NW 870); State v. Prejean, 216 La. 1072 (45 S2d 627).

All those cases dealt with indictments in the terms of statutes similar to the Act of 1950.

It has been broadly held that an indictment may charge lewd and lascivious conduct in general statutory terms without particularizing details which would be offensive to decency. See 4 Wharton's Criminal Law and Procedure, 626 (1957 Ed.), § 1797. And in the case of *Clifton v. State*, 53 Ga. 241, 244 (8), the court held sufficient an indictment charging defendant merely with the act of maintaining and keeping a lewd house. But indictments in general terms must be regarded with extreme caution in this State, as there is no provision in our law for furnishing a defendant in a criminal case with a bill of particulars on demand as in many other jurisdictions. The basis of the holding here is that the terms used were sufficiently specific to inform defendant of the acts charged.

2. The second, third, and fourth grounds of demurrer, not having been argued, are treated as abandoned.

*Judgment affirmed. Pannell and Whitman, JJ., concur.*