## 29118. JOHNSON v. THE STATE.

GUNTER, Justice.

This appeal is from convictions for armed robbery and aggravated assault. One error is enumerated: "The trial court erred in ruling that the statement of the defendant was freely and voluntarily made after proper warning when the defendant asserts that he requested a lawyer before the statement was made."

The only issue for decision is the admissibility of an alleged confession made by the appellant during an in-custody interrogation by a law enforcement officer. The trial judge conducted a Jackson-Denno hearing to determine whether the alleged confession should be excluded; the appellant testified that, after being advised of his rights, he requested a lawyer. The law enforcement officer testified that the appellant did not request a lawyer; therefore, whether to admit or exclude the incriminating evidence turns solely on the credibility of these two witnesses. The trial judge resolved this issue in favor of admissibility.

Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. See Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972), and United States v. Watson, 469 F2d 362 (5th Cir. 1972).

Upon a review of this record we hold that the decision of the trial judge in favor of admissibility was not clearly erroneous or an abuse of discretion.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 16, 1974 — DECIDED OCTOBER 17, 1974.

*Richard M. Nichols,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.