## 50888. THE STATE v. GREEN.

STOLZ, Judge.

The state appeals from the judgment of the trial court sustaining the defendant's special demurrer to the following burglary indictment: "for that said accused, in the County of Columbia and State of Georgia, on the 25th day of January, 1975, unlawfully . . . did enter the building of Darvin Byrd, the owner thereof."

The special demurrer urged that the indictment did not "set out the place of the alleged crime with the specificity required by law, so as to enable defendant to prepare his defense." *Held:*

Code § 27-701 provides, "Every indictment or accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury." "The requisite of a good indictment, as to form, is that the offense with which the defendant is charged be so stated as to give him ample opportunity to prepare his defense." *Allen v. State,* 120 Ga. App. 533, 534 (171 SE2d

380).

"[I]n passing upon the demurrer it is only necessary to inquire whether the case is one which falls under the general rule, where the language of the code is sufficient to inform the defendant of the nature of the charge against him, and of the transaction in which he is alleged to have violated the law, or whether it comes within the exception, where there must be an amplified statement of details of the transaction, so as not to deprive the defendant of the substantial right of being informed of the nature of the charge against him, and of having an opportunity to defend against it." *Dean v. State,* 9 Ga. App. 303, 304 (71 SE 597).

In this case the indictment charges the defendant with burglarizing a building of Darvin Byrd located in Columbia County, Georgia, but it failed to specify the location of the building in question. This is not sufficient. To illustrate, an indictment alleging burglary of a building of Rich's, Inc., in Fulton County, Georgia, would obviously be insufficient, as would one charging the theft of an automobile belonging to one of the national automobile rental companies. The defendant is presumed innocent when indicted and must rely upon the information contained in the indictment in preparing his defense.

*Judgment affirmed. Deen, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED JULY 1, 1975 —DECIDED SEPTEMBER 2, 1975.

*Richard E. Allen, District Attorney, Ashley Royal, Assistant District Attorney,* for appellant.

*Harrison, Roper & Garrett, J. David Roper,* for appellee.

EVANS, Judge, concurring specially.

A defendant has the right to plead alibi as a defense, that is, that he was at some place other than where the alleged crime took place at the time of its commission. But the very general language employed in the indictment here takes away that right, because it simply alleges

burglary on the 25th day of January, 1975, for that defendant without authority and intent to commit a theft *did enter the building of Darvin Byrd, the owner thereof.* The defendant, by this language, is simply advised that Darvin Byrd owned a building in Columbia County, and that defendant entered it with intent to commit a theft.

But how many houses did Darvin Byrd own in Columbia County, and where were they located? Where was this particular house located? Suppose, arguendo, Darvin Byrd owned more than one house — as he well could have under the language in the indictment — and defendant wished to plead alibi for that he was in another part of Columbia County, such as Grovetown, Harlem, Appling, Evans, Martinez, or Winfield, on this particular night at the exact time of the alleged burglary? This would not have benefited him one iota because the state might have shown that he was exactly where the house was located, that is, the place where his alibi placed him, the defendant. But if the indictment had alleged the house was in Appling or in a certain militia district, defendant could have relied on proof that he was not in Appling, or in that particular militia district at the time.

Where a house has particular and peculiar attributes, such as a "blacksmith house" or a "tool house," it might ordinarily be assumed that one person would not own more than one such house in a particular county. *Fuller v. State,* 57 Ga. App. 809 (1) (197 SE 58); *Caldwell v. State,* 94 Ga. App. 595 (1) (95 SE2d 748). But here we have no distinguishing features of the house that was burglarized and it could have been located anywhere within the confines of Columbia County. The indictment was too general to place defendant on notice as to the location of the house which he is alleged to have burglarized.

Further, I would like to state that I concur fully with all that is said in the majority opinion.