## 55199. THE STATE v. RAMOS.

BANKE, Judge.

The trial court sustained the defendant's motion to quash his indictment for theft-by-taking on the ground that the indictment failed to allege the particular place or location from which the property was taken. The state appeals this order, contending that the trial court's reliance on our decision in *State v. Green,* 135 Ga. App. 622 (218 SE2d 456) (1975), a burglary case, was misplaced.

The crime of theft-by-taking is committed whenever a person "unlawfully takes or appropriates any property of another with the intention of depriving him of said property, regardless of the manner in which said property is taken or appropriated." Code Ann. § 26-1802 (a). It is proof of the description, value, and ownership of the stolen property which is important for conviction of theft-by-taking and proof of the specific place within the county where the theft occurred has never been necessary for conviction. On the other hand, it is necessary to prove the specific location of a burglary in order to obtain a conviction.

The distinction between the two crimes is significant. For this reason we decline to extend our ruling in *State v. Green,* supra, to indictments charging theft-by-taking of property belonging to businesses having multiple business locations in the county of indictment. To do so would result in the addition of an element of proof requirement in these cases where none exists in other theft-by-taking cases and one which might frequently be difficult, if not impossible, for the state to prove. For this reason, dictum in the *Green* case suggesting that its ruling would be fully applicable in certain theft cases will not be followed. However, in an effort to avoid possible future confusion, we reaffirm *Green* insofar as it requires specification in a burglary indictment of the particular business structure burglarized when that business operates from two or more

locations in the county.

In limiting *State v. Green* to its facts, we abide by the long-stated general law that it is not necessary to allege the location of the theft within the county in order to meet the requirements of Code § 27-701. See *Norman v. State,* 121 Ga. App. 753 (1) (175 SE2d 119) (1970); *Lyle v. State,* 131 Ga. App. 8 (3) (b) (205 SE2d 126) (1974).

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

SUBMITTED FEBRUARY 1, 1978 — DECIDED MARCH 14, 1978.

*Richard E. Allen, District Attorney, Evita A. Paschall, Assistant District Attorney,* for appellant.

*Vernon J. Neely,* for appellee.