## 36252. BRACKETT v. THE STATE.

MARSHALL, Justice.

The appellant was convicted of one count of murder and one count of attempt to violate the Georgia Controlled Substances Act. He received a sentence of life imprisonment for the murder conviction and a sentence of eight years' imprisonment for the other conviction. This is his appeal.

The evidence shows that the appellant accompanied his wife to a pharmacy in order for her to have filled a fraudulent prescription which the appellant had written. While the appellant's wife went into the pharmacy, the appellant remained outside in the car. When the pharmacist stated to the appellant's wife that he would have to verify the prescription, she eased her way out of the pharmacy and returned to the car. The pharmacist, who was carrying a gun, chased the appellant's wife to the car and attempted to prevent her and the appellant from driving away. The appellant pulled a gun from underneath the door of his car, and he shot the pharmacist several times in the chest. By this time, the police had been summoned, and

the appellant and his wife were apprehended in the vicinity of the pharmacy shortly after the shooting.

At trial, the appellant claimed that the shooting was done in self-defense. He testified that the pharmacist had put his gun to the appellant's wife's head and cocked the hammer of the gun as though he was going to shoot her. However, the testimony of other witnesses to the shooting contradicted this.

In this appeal, the appellant's sole claim is that his leading trial counsel, who was assisted by three other lawyers, did not render him reasonably effective assistance of counsel. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515) (1974). The appellant advances several grounds in support of his ineffective-assistance-of-counsel claim. We conclude that each of these grounds is either unsupported or affirmatively refuted by the record.

The record refutes the appellant's argument that trial counsel was not prepared to argue the motion for change of venue which he had filed. The transcript shows that trial counsel did argue the motion, and he introduced evidence in support thereof. Nor is there anything in the record to support the appellant's argument that trial counsel was unprepared for trial because he had not adequately investigated the facts or interviewed state's witnesses. Defense counsel's cross-examination of the state's witnesses, and the extensive objections made by him to evidence sought to be introduced by the state, shows that he was prepared to defend this case. Likewise, the record refutes the argument that trial counsel was ineffective in his presentation of the defense's motion for directed verdict and in his presentation of closing argument to the jury.

Defense counsel's failure to view a photographic display from which the appellant was identified was not harmful, because the identity of the appellant was never in dispute.

The unobjected-to jury charges were not unconstitutionally burden-shifting. See *Skrine v. State,* 244 Ga. 520 (260 SE2d 900) (1979).

Defense counsel's failure to object to the written statements given by the appellant to police may well have been a tactical decision, since the appellant claimed self-defense in these statements. The transcript shows that defense counsel did object to the admission of the oral statements which the appellant had given to the police. However, after conducting a *Jackson v. Denno* hearing, the trial judge ruled that the written statements were admissible. Although the appellant does not complain of this ruling on appeal, we note that the trial judge's determination in favor of admissibility is not clearly erroneous and is not, therefore, reversible. E.g., *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974).

From the record before us, we are unable to say that the appellant did not receive reasonably effective assistance of trial counsel. The fact that appellant received a life sentence for the murder for which the state sought the death sentence indicates that he did receive effective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 16, 1980 — DECIDED JUNE 17, 1980 —
REHEARING DENIED JULY 15, 1980.

*Carol W. Hunstein,* for appellant.

*Randall Peek, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.