### 64215. MOBLEY v. THE STATE.

CARLEY, Judge.

Appellant was indicted, tried and convicted of burglary. He appeals from the judgment of conviction and sentence entered on the jury verdict.

1. The indictment in the instant case described the premises at which the burglary occurred as follows: "Social Circle Drug Store, the property of Billy Snipes, located in the City of Social Circle, Walton County, Georgia." By special demurrer, appellant attacked the indictment on the basis that it "fail[ed] to state the exact address of the building . . . allegedly burglarized." The trial court overruled his demurrer and appellant cites this ruling as error.

There is no evidence before this court which would place the instant case within the ambit of our decision in *State v. Green,* 135 Ga. App. 622 (218 SE2d 456) (1975) "requir[ing] specification in a burglary indictment of the particular business structure burglarized when that business operates from two or more locations in the county." *State v. Ramos,* 145 Ga. App. 301-302 (243 SE2d 693) (1978). "This court has long held that language comparable to that used here provided a sufficiently definite description of the place alleged to have been burglarized to withstand a demurrer. [Cits.]" *Askea v. State,* 153 Ga. App. 849, 850 (1) (267 SE2d 279) (1980).

Moreover "when [as in the case at bar] trial has been had before the appellate court reviews the merits of the special demurrer, where no prejudice to defendant has occurred though the indictment is not perfect, reversal is a mere windfall to defendant and contributes nothing to the administration of justice." *State v. Eubanks,* 239 Ga. 483, 489 (238 SE2d 38) (1977). Appellant has failed to demonstrate that he was unable to adequately prepare his defense to the charge of burglary or that he was subjected to possible subsequent prosecution for the same offense because of the alleged inadequate and deficient description in the indictment. See generally *Arrington v. State,* 160 Ga. App. 645 (1) (288 SE2d 97) (1981). As a result, we find that the indictment is sufficient as against the special demurrer interposed

and that the trial court did not err in overruling the same. *McKinney v. State,* 155 Ga. App. 930, 935 (6) (273 SE2d 888) (1980).

2. We find no error in the trial court's overruling of appellant's general demurrer which alleged that the indictment failed to adequately charge appellant with an offense under the laws of this state. The indictment in this case states the offense charged against appellant in the language and terms of Code Ann. § 26-1601 and otherwise comports with statutory requirements of Code Ann. § 27-701. See generally *Arrington v. State,* 160 Ga. App. 645 (1), supra.

3. Appellant contends that the trial court erred in permitting a witness for the state, a deputy sheriff, to remain in the courtroom after timely request for sequestration has been made and in refusing to direct that he be called as the state's first witness. "The [district attorney] informed the trial court, . . . , that [the deputy sheriff] was in effect the chief investigating officer in the case and that his assistance was necessary to an orderly presentation of the State's case. He also stated that to require [the deputy sheriff] to testify first would hinder the orderly presentation of the State's evidence. Based on these statements, the trial court did not require [the deputy sheriff's] sequestration. We find no abuse of discretion. [Cit.]" *McKenzie v. State,* 249 Ga. 582 (1) (292 SE2d 692) (1982). See also *Davis v. State,* 242 Ga. 901, 903 (3) (252 SE2d 443) (1979).

4. Appellant cites as error the admission into evidence of certain incriminating statements contending that they were the product of an illegal arrest.

While appellant was arrested without a warrant, the record does not support his contention that the arrest was illegal. The testimony adduced at trial amply showed a constitutionally valid arrest inasmuch as ". . . at the time of the arrest the officers had knowledge and reasonably trustworthy information about facts and circumstances sufficient to warrant a prudent man in believing that [appellant] had [participated in the burglary of the Social Circle Drug Store.] [Cits.]" *Borden v. State,* 247 Ga. 477, 478 (2) (277 SE2d 9) (1981). Also, the state presented sufficient evidence of exigent circumstances to place appellant's arrest within the "failure of justice" exception provided for in Code Ann. § 27-207 (a). See *Morgan v. State,* 241 Ga. 485, 486 (1) (246 SE2d 198) (1978); *Ellis v. State,* 248 Ga. 414 (1) (283 SE2d 870) (1981).

Moreover, the mere fact that an incriminating statement is given by one while under illegal arrest does not render the statement inadmissible as a matter of law. *Smith v. State,* 159 Ga. App. 20 (1) (282 SE2d 677) (1981). The legality of the detention is simply one factor to be considered in determining whether or not the statement

is voluntary. *Mace v. State,* 144 Ga. App. 496, 499 (2) (241 SE2d 615) (1978).

Following a Jackson v. Denno hearing, the trial court found that the statements attributed to appellant were freely and voluntarily given and, thus, admissible. We find no error in the trial court's ruling.

5. Likewise, we find no merit in appellant's contention that his statements were inadmissible because they were induced by hope of benefit or reward. Appellant's testimony that he was promised help in securing bond in exchange for making a statement was explicitly denied by the interrogating officers. This conflict in the evidence was resolved by the trial court in favor of admissibility and there is ample evidence to support the determination that appellant's statements were elicited without hope of benefit or reward. *Dick v. State,* 246 Ga. 697, 701 (273 SE2d 124) (1980); *Carter v. State,* 160 Ga. App. 299 (1) (287 SE2d 313) (1981).

6. Appellant also asserts error in the admission of his written statement to the police on the grounds that it was the product of custodial interrogations conducted without presence of counsel and subsequent to the invocation of his right to counsel. See Edwards v. Arizona, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981).

In Edwards v. Arizona, 451 U. S. at 484-485, supra, the United States Supreme Court held: "[W]hen an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights . . . [A]n accused, . . ., having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges or conversations with the police." Noting that the determination as to the voluntariness of an accused's statement on the one hand and the determination as to the waiver of the right to counsel once invoked on the other, are separate inquiries, the Court held the proper standard to be utilized in the latter inquiry is "a knowing and intelligent relinquishment or abandonment [of that right]." Edwards v. Arizona, 451 U. S. at 483-484, supra.

While in custody on August 1, 1981, appellant was interrogated by police on three separate occasions within a period of less than twelve hours. The evidence shows the following circumstances relative to the in-custody interrogation of appellant: When appellant was first questioned on August 1, he was informed of his Miranda rights by Officer Parker. While appellant apparently stated that he understood his rights and signed a waiver of rights form, it is

undisputed that appellant, at this time, refused to make any statement or to submit to questioning by the police. Appellant took the stand and testified that he requested counsel during this first questioning session with Officer Parker. Parker did not testify that appellant failed to invoke his right to counsel. Parker simply stated that he could not recall whether appellant had or had not requested counsel. This testimony of Parker did not constitute a contradiction of appellant's positive assertion that he did ask for an attorney, and our review of the record does not reveal that appellant's testimony in this regard was otherwise rebutted or contradicted by the state.

In the late afternoon of August 1, Officer Edmonson visited appellant for a second interrogation session. Prior to any questioning, appellant was again advised of his Miranda rights and again signed a form purporting to waive those rights. Counsel was not made available to appellant prior to this second session and appellant did not request the presence of counsel. Initially, appellant agreed to speak with Edmonson but refused to give a written statement. Under questioning by Edmonson, appellant made an incriminating oral statement. In response to Edmonson's request that appellant reduce his oral statement to writing, appellant stated "that he would talk with Sheriff Thornton." At this point, all questioning ceased and the sheriff was notified that appellant wished to speak with him.

During the evening of August 1, appellant was visited by Sheriff Thornton for a third interrogation session. Prior to any questioning, appellant was again advised of his Miranda rights and again signed a waiver of rights form. Counsel was not present at this third session nor did appellant request the presence of counsel. Appellant proceeded to make an incriminating statement which was reduced to writing and signed by appellant.

Without specifically addressing the question of whether appellant invoked his right to counsel and thereafter knowingly and intelligently relinquished it, the trial court found appellant's written statement rendered during the interrogation session with the sheriff to have been freely and voluntarily made and, thus, admissible. After an independent review of the evidence, we conclude that the trial court was perhaps correct in finding appellant's written statement to have been "voluntary," in the sense that it was not coerced. However, we do not believe this to be sufficient compliance with the mandate of Edwards v. Arizona, supra.

The state has the burden of proving the admissibility of an accused's statement by a preponderance of the evidence. *Brooks v. State,* 244 Ga. 574, 581 (2) (261 SE2d 379) (1979). The uncontroverted evidence in the case at bar is that appellant requested an attorney during the first interrogation session with

Officer Parker. Compare *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974) wherein a credibility issue was presented because of a conflict in the evidence as to whether or not the accused requested an attorney. Under Edwards, appellant, having requested counsel, was not thereafter "subject to further interrogation by the authorities until counsel [had] been made available to him, unless [appellant] himself initiate[d] further communication, exchanges or conversations with the police." Edwards v. Arizona, 451 U. S. at 484-485, supra. The evidence clearly shows that the second interrogation session with Officer Edmonson was police-initiated and conducted without compliance with appellant's initial request for counsel. Accordingly, appellant's oral statement made during the second interrogation session was elicited in violation of Edwards.

Having made this determination, we must next examine the effect, if any, that the aforestated violation of Edwards has on the admissibility of the written statement signed by appellant during the third interrogation session with Sheriff Thornton. Viewed in isolation, it appears, as contended by the state, that this written statement might possibly fall within the exception expressed in Edwards where the accused himself initiates further communications, exchanges, or conversations with the investigating officers. Considering, however, the "totality of the circumstances" surrounding the several interrogations, *Pierce v. State,* 235 Ga. 237, 239 (3) (219 SE2d 158) (1975), we conclude that had it not been for the improper questioning of appellant by Officer Edmonson after appellant had invoked his right to counsel, his initial oral incriminating statement would not have been made. And, probably, appellant would not have further implicated himself in the crime by giving the highly incriminating written statement to the sheriff, if Officer Edmonson had not requested that appellant reduce to writing the already impermissibly elicited oral statement. Under these circumstances, we do not find this to be a case in which the connection between the improper interrogation by Officer Edmonson and the written statement given to the sheriff has " 'become so attenuated as to dissipate the taint.' " Wong Sun v. United States, 371 U. S. 471, 487 (83 SC 407, 9 LE2d 441) (1963), citing Nardone v. United States, 308 U. S. 338, 341 (60 SC 266, 84 LE 307) (1939).

The uncontroverted evidence showing the invocation by appellant of his right to counsel, and the state having failed to prove, by a preponderance of the evidence, appellant's knowing and intelligent relinquishment of that right, the trial court's finding in favor of the admissibility of appellant's written statement was erroneous. This written statement was an important part of the state's case, and was impermissibly placed before the jury during its

deliberations. Accordingly, we conclude that appellant must be afforded a new trial.

7. Our review of the record demonstrates that any rational trior of fact could reasonably have found from the evidence adduced at trial proof of appellant's guilt of the offense charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980).

8. Enumerations of error not specifically addressed have been considered and have been found to be without merit, are unlikely to recur at retrial or are deemed abandoned under Court of Appeals Rule 15 (c) (2).

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 8, 1982 —
REHEARING DENIED OCTOBER 28, 1982.

*Charles E. Day,* for appellant.
*Harry N. Gordon, District Attorney,* for appellee.