### 65352. MORRIS v. THE STATE.

DEEN, Presiding Judge.

Morris was charged alternatively with burglary and theft by receiving stolen property. The jury returned a guilty verdict on the burglary charge, and Morris appeals.

The record shows that during the weekend immediately preceding February 2, 1981, the financial aid and alumni offices of the Fort Valley State College were burglarized. Four office calculators

and one dictation recorder, with a value in excess of $200 were taken.

At trial, Patricia Harris testified that during that weekend appellant had brought to her house a box, the contents of which she had not seen, and had taken the box to a back room where she kept her dirty laundry; later that day she noticed some calculators in the laundry. Appellant returned a couple of days later, proceeded to the laundry room, and quickly left; she had not seen him leave with any of the office equipment.

Willie Rumph testified that he and his nephew had been approached by appellant, who asked them to take him to a pawn shop in Warner Robins. They had gone first to Patricia Harris's house, where appellant had retrieved a calculator and a dictation recorder. Rumph explained that he had signed the pawn ticket because appellant had had no identification, which was required by the pawn shop attendant. Thereafter, the threesome had gotten something to eat and drink at appellant's expense.

The pawn shop attendant testified that on February 2, 1981, appellant had transacted the pawn deal, although two others had accompanied him into the shop. Appellant had stated to him that he owned the equipment. At trial, the attendant entertained no doubt that he had dealt with appellant, rather than either of the other two. The pawn ticket in the record is dated February 2, 1981.

Captain Isaac Lawrence of the Fort Valley Police Department testified that appellant had contacted him and informed him that the stolen equipment could be located at the pawn shop in Warner Robins. He could not remember the day of that contact, but stated that he had communicated the information to Captain Frizzel Ray, Jr., of the Peach County sheriff's department, on the same day.

Captain Ray testified that he had been so informed by Lawrence on February 9, 1981. He had investigated the matter, and discovered the equipment at the pawn shop.

Appellant testified that he knew nothing about the burglary at the Fort Valley State College. He also stated that Rumph had shown him the stolen equipment at Rumph's house, and that Rumph had instigated the pawning. Appellant claimed to have gone to the police after having been shown the equipment by Rumph, and again subsequent to the pawning of the equipment. The trip to the pawn shop had occurred on February 4, 1981. He also explained that the box which he had taken to Patricia Harris's house had contained his clothing.

1. Appellant first enumerates as error the trial court's failure to sustain appellant's demurrer to the burglary charge, on the grounds that the indictment did not sufficiently describe the place or places burglarized. The indictment charged appellant with entering "the

Financial Aid Office and Alumni Office, located at Fort Valley State College, Fort Valley, Peach County, Georgia, a building where valuable goods, wares and merchandise were stored and contained . . ." We find this description sufficiently particular to inform appellant of the place burglarized.

Code Ann. § 27-701 provides that "every indictment of accusation of the grand jury shall be deemed sufficiently technical and correct, which states the offense in the terms and language of this Code, or so plainly that the nature of the offense charged may easily be understood by the jury." A good indictment must state the offense charged in detail sufficient to give the defendant ample opportunity to prepare a defense. *State v. Green,* 135 Ga. App. 622 (218 SE2d 456) (1975); *Allen v. State,* 120 Ga. App. 533 (171 SE2d 380) (1969). More specifically, where the defendant is charged with burglary, the indictment must specify the location of the burglary, and contain some allegation regarding ownership of the burglarized premises. *State v. Ramos,* 145 Ga. App. 301 (243 SE2d 693) (1978); *State v. Green,* supra; *Chester v. State,* 110 Ga. App. 733 (140 SE2d 52) (1964).

In this case the indictment identifies the places as the financial aid office and the alumni office of a particular, local state college. In asserting that the indictment should have indicated at least the identity of the building in which the financial aid and alumni office were located, appellant relies upon several cases involving the adequacy of description in search warrants. Such reliance is misplaced, as the rationale behind adequacy of description in search warrants demands greater particularity. While the indictment did not declare the state college to be in control of the premises, such was the only reasonable conclusion, and it was sufficient to allege legal control of the premises rather than ownership as that term is used in property law. *Murphy v. State,* 238 Ga. 725 (234 SE2d 911) (1977). In short, appellant's contention that the indictment fails to specify the location of the burglary and the owner of the premises is simply without merit.

2. Appellant also asserts that because a trial court had previously revoked appellant's probation (regarding another conviction), on the grounds that there was evidence appellant had committed theft by receiving stolen property, the trial court erred in not sustaining the plea in abatement and plea in bar to the prosecution for burglary. Appellant essentially argues that because his probation had been revoked due to the finding that he had committed theft by receiving stolen property, the state could have prosecuted him for that offense but not for burglary. To allow otherwise, maintains appellant, denies equal protection because a probationer may in effect be convicted of both offenses. We find no

merit in this argument.

Generally, appellant's argument that he suffered convictions of inconsistent offenses contains one obvious illogic — the revocation of his probation because of the finding that he had committed theft by receiving stolen property simply did not constitute a conviction of that offense. Appellant in part summons the doctrine of former jeopardy, but the prohibition against double jeopardy pertains to subjecting an individual to criminal processes twice for the same offense, and "[i]t is generally accepted in courts of this state as in the federal courts, that a proceeding to revoke a probated sentence is not a criminal proceeding." *Johnson v. State,* 142 Ga. App. 124, 127 (235 SE2d 550) (1977). Further, "a criminal prosecution and a probation revocation proceeding based on the same occurrence actually have nothing to do with each other . . ." *Aldridge v. State,* 155 Ga. App. 916 (273 SE2d 656) (1980). Accordingly, the probation revocation proceeding would not preclude prosecution on either charge.

The primary thrust of appellant's contention is that, in view of the finding at the probation revocation proceeding, the state should have been estopped from prosecuting the burglary charge relative to the same property. Given the above ruling, however, appellant's argument evaporates, since where the evidence is unclear, uncertain, or in conflict, the state may indict both ways and permit the jury to decide which offense, if any, the evidence supports. *Evans v. State,* 161 Ga. App. 468 (288 SE2d 629) (1982).

3. Appellant next asserts as error the trial court's disallowing any question of a state's witness regarding the existence of any pending charges against that witness, and whether or not the state had promised immunity from prosecution of any pending charges. Generally, proof of pending charges is not a legal method of impeachment of a witness. *McGuire v. State,* 238 Ga. 247 (232 SE2d 243) (1977); *Whitley v. State,* 188 Ga. 177 (3 SE2d 588) (1939). In the case sub judice, however, we agree with appellant's argument that the line of questioning was admissible for the purpose of showing the possible motive of the witness.

This court has previously acknowledged the reality that an accomplice, himself facing conviction and punishment, who testifies against a criminal defendant, is likely to believe "an implication inherently exists that if he cooperates with the state and aids in the prosecution that he might receive some support as a result of his cooperation." *Coleman v. State,* 153 Ga. App. 888, 889 (267 SE2d 304) (1980). Accordingly, "[c]onduct which must be disclosed to the jury is the encouragement of this belief as such conduct is viewed as strongly affecting the credibility of the witness." *Coleman v. State,* supra, at 890. More recently, the Supreme Court has decided that the existence

of any pending charges against a key state witness and that witness' belief that he might benefit from giving testimony favorable to the prosecution are appropriate subjects of inquiry upon cross-examination. *Hines v. State,* 249 Ga. 257 (290 SE2d 911) (1982). "What counts is whether the witness may be shading his testimony in an effort to please the prosecution," and not whether or not a deal actually existed. *Hines v. State,* supra, at 260.

Notwithstanding the above, the record indicates that appellant was able to inquire into the matter through another line of questioning. Upon cross-examination Rumph testified that he was unaware of any charges against him regarding the alleged burglary, and that the district attorney had not indicated, nor did he believe, that by testifying against appellant he would not face criminal charges. He stated further that no one had promised him any kind of immunity in exchange for his testimony. Since the question of whether the witness entertained any belief of personal benefit from testifying favorably for the prosecution was addressed, in any event, the trial court's disallowance of the more direct questioning about any pending charges constituted harmless error. It is, of course, settled that harmless error will not authorize a reversal by this court. *Robinson v. State,* 229 Ga. 14 (189 SE2d 53) (1972).

4. Appellant's contention that the evidence was insufficient to support the verdict is without merit. "Where a burglary is proven, recent unexplained possession of stolen goods by the defendant creates an inference sufficient to convict even without proof or circumstantial evidence that the defendant committed the burglary." *Jackson v. State,* 159 Ga. App. 287, 288 (283 SE2d 353) (1981). See also *Williamson v. State,* 156 Ga. App. 615 (275 SE2d 699) (1980). The testimony of Rumph and the pawn shop attendant was direct evidence sufficient to support the jury's finding that appellant was in possession of the stolen goods, and it was within the province of the jury to determine whether appellant satisfactorily explained that possession. *James v. State,* 150 Ga. App. 357 (258 SE2d 40) (1979). The jury decided the matter against appellant, and there clearly was sufficient evidence to support its verdict. *James v. State,* supra.

5. Lastly, appellant asserts that the trial court erred in not charging the jury on the law on alibi, notwithstanding appellant's failure either to request such a charge or to object to the jury charge given. Again, we disagree.

Former Code Ann. § 38-122, in effect at the time of appellant's conviction, provides that "[a]libi, as a defense, involves the impossibility of the accused's presence at the scene of the offense at the time of its commission; and the range of the evidence, in respect to time and place, must be such as reasonably to exclude the possibility

of presence." In this case the burglary could have occurred at any time during the weekend immediately preceding February 2, 1981; appellant's testimony accounts for his whereabouts sporadically during that range of time. Because of the vagueness of the exact times of his alibi and the wide span of time during which the burglary occurred, appellant's testimony, even if believed, would not necessarily or reasonably have excluded the possibility of his presence.

" ' "It is well settled that where the evidence in support of the defense of alibi does not show the impossibility of the defendant's presence at the scene of the crime at the time of its commission, the failure of the court to charge the law of alibi, especially in the absence of a request for such a charge, is not error." ' " *Parrott v. State,* 133 Ga. App. 931 (3) (213 SE2d 77) (1975); *Jones v. State,* 150 Ga. App. 645 (258 SE2d 297) (1979). Moreover, the trial court did charge the jury on the subject of identification of the defendant as the perpetrator of the charged offenses. In such a case, where the question of identity of the perpetrator and the fact of alibi are essentially the same defense, the court's failure to charge on alibi is not error. *Jones v. State,* supra; *Jackson v. State,* 143 Ga. App. 214 (237 SE2d 690) (1977).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MARCH 17, 1983 —
REHEARING DENIED MARCH 31, 1983 — 

*Robert M. Bearden, Jr.,* for appellant.
*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney,* for appellee.