66074. EDWARDS v. THE STATE.

Shulman, Chief Judge.

A jury convicted appellant of armed robbery and two counts of robbery by sudden snatching. In his sole enumeration of error, appellant contends that his written, in-custody statement was erroneously admitted into evidence by the trial court. We disagree with appellant and affirm his conviction.

Counsel for appellant filed a pre-trial motion seeking to suppress the statement on the ground that it had been taken in violation of Edwards v. Arizona, 451 U. S. 477, 484 (101 SC 1880, 68 LE2d 378), in which the United States Supreme Court held that "an accused, . . . having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." It was adduced at the Jackson-Denno hearing that appellant had been informed of his rights under Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), had not invoked his right to have counsel present, had not requested the

cessation of questioning but had, after acknowledging receipt of and understanding of his rights, signed a waiver of rights form and had written an incriminating statement which was subsequently used against him at trial. Appellant's counsel testified at the Jackson-Denno hearing that after appellant's family notified him of appellant's arrest, he had telephonically contacted the officer who was at that time interrogating appellant and requested that the questioning cease until he could get to the police station. The officer acknowledged receipt of the attorney's telephone call but stated that the attorney only inquired as to appellant's whereabouts and the charges against him, and concluded the conversation with the statement that he would be at the station shortly. He denied that the attorney asked him to stop the interrogation of appellant until the attorney's arrival. The officer testified that, after hanging up the telephone, he informed appellant that his attorney was en route. The parties to the telephone conversation also differed with regard to the timing of the call and whether or not appellant had executed his statement prior to the call. The trial court concluded that appellant had "freely and voluntarily given" the statement and allowed its use at trial.

1. Appellant, citing *Mobley v. State,* 164 Ga. App. 154 (296 SE2d 617), maintains that the trial court failed to make a determination as to whether appellant knowingly and intelligently relinquished his right to remain silent and to have counsel present during questioning.

It is undisputed that appellant himself never invoked his right to have counsel present during his interrogation. It is apparently appellant's position that the right was invoked for him by his attorney when he telephoned the police station and spoke with the interrogating officer. However, the rights guaranteed under the Fifth and Sixth Amendments are personal and must be invoked or waived by the individual defendant. See Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274); *Stevens v. State,* 247 Ga. 698 (7) (278 SE2d 398); *Hance v. State,* 245 Ga. 856 (2) (268 SE2d 339). Thus, the attorney, acting on his own and without having consulted appellant, was not empowered to invoke appellant's personal rights. This fact, coupled with appellant's acknowledgment of the existence of his rights, his knowledge that an attorney was en route to see him, and his failure to have the questioning halted until the arrival of his attorney, leads us to the conclusion that the right to have counsel present was never invoked. Therefore, the trial court's failure to determine whether appellant had knowingly and intelligently waived that right was not error. Compare *Mobley v. State,* supra.

2. We reach the same result insofar as appellant's right to

remain silent is concerned. It is undisputed that appellant did not invoke his right; therefore, the question of waiver did not arise and a ruling thereon was not necessary.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 6, 1983.

*Jay W. Bouldin,* for appellant.

*Robert E. Keller, District Attorney, Mary Jane Stewart, Assistant District Attorney,* for appellee.