## 67785. WALKER v. THE STATE.

MCMURRAY, Chief Judge.

Defendant was convicted of burglary. He appeals following the denial of his motion for new trial, as amended. *Held*:

1. Defendant's first enumeration of error is that the trial court erred in admitting into evidence defendant's written statement to the police on the grounds that the statement was the product of custodial interrogation conducted without the presence of his counsel and signed subsequent to the invocation of his right to counsel. Defendant contends the facts of the case sub judice are similar to and therefore controlled by the decision in *Mobley v. State*, 164 Ga. App. 154, 156-

159 (6) (296 SE2d 617), wherein the defendant had been apprised of his Miranda rights, and had requested counsel. In the *Mobley* case this court held that the uncontroverted evidence showed the invocation by the defendant of his right to counsel, and the state failed to prove by a preponderance of the evidence the defendant's knowing and intelligent relinquishment of that right, reversing the trial court's finding of admissibility of defendant's written statement. Defendant contends that the same occurred in this case. We do not agree. The fact pattern is different. Here the case is more similar to *Johnson v. State*, 233 Ga. 58 (209 SE2d 629), wherein the trial judge conducted a Jackson-Denno hearing and admitted defendant's statement into evidence. In that case the defendant testified he had requested an attorney after being advised of his rights and the law enforcement officer testified that defendant had not requested a lawyer. The Supreme Court of Georgia in *Johnson* held that factual and credibility determinations of this sort made by a trial court after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous. In *Johnson* the trial court's ruling in favor of admissibility was held not to be clearly erroneous or an abuse of discretion. In the case sub judice, the defendant was given his Miranda warnings and constitutional rights including the right to talk to a lawyer and have him present while he was being questioned, and the Miranda warnings and constitutional rights were signed by him. During the Jackson-Denno hearing testimony was presented that the defendant executed a statement as being the truth to the best of his knowledge; that no force had been made to make him make the statement which was freely given; and he then set forth that he did go into the house wanting "to take something," but got scared and ran out the front door. The investigating officer testified that he advised the defendant of his Miranda rights (including the right to an attorney and the right to have him present during the questioning) and the defendant acknowledged that he understood these rights and signed the Miranda rights waiver form; that he first denied the burglary but after further questioning admitted to the burglary. This admission was then reduced to writing and signed by the defendant. The officer testified positively that defendant did not ask for a lawyer prior to signing the confession by replying to such query, "Not to my knowledge." His memory was that afterwards when they were riding around the neighborhood where the burglary occurred defendant did ask for an attorney but that he did not remember him asking for an attorney during the interview. In *Mobley v. State*, 164 Ga. App. 154, supra, the police officer simply did not recall whether the defendant had or had not requested counsel. Further, in the case sub judice, the officer testified positively that defendant did not ask for a lawyer and that he did not ask for a lawyer prior to signing the confession, replying "Not

to my knowledge." He then added, however, to the question "You are not absolutely sure whether he asked for a lawyer before signing the confession? A. I remember after, when we were in the car and afterwards. During the interview I don't remember him asking for an attorney." In testimony, subsequent to the Jackson-Denno hearing, before the jury the interrogating officer was asked whether the defendant had asked for an attorney during the questioning to which he replied, "No, sir." Again on cross-examination, he replied, "Not during the interview, no, sir. Q. You are absolutely sure about that? A. Yes, sir. Q. You were sure that he did not ask to see an attorney before he signed this confession? A. No, I am not sure." However, all of the earlier testimony, under *Johnson v. State*, 233 Ga. 58, supra, was for determination by the fact finder, the trial court, although the subsequent testimony where the officer added "No, I am not sure" occurred thereafter, and this was for jury determination as the fact finder. We find no reversible error here. There is no merit in this complaint.

2. The remaining enumeration of error is one in which the defendant contends the trial court erred in rereading the defendant's confession to the jury upon their request without cautionary instructions. Defense counsel objected to the trial court rereading same to the jurors when they requested same. However, counsel made no request for cautionary instructions in regard to the rereading. The trial court simply reread the statement to the jury. It has been permissible for more than 100 years to permit the jury at its instigation to rehear requested parts of the evidence after they have retired and begun deliberations. See *Byrd v. State*, 237 Ga. 781, 782 (229 SE2d 631). Counsel contends that this court in *Evans v. State*, 148 Ga. App. 442, 423 (3), 424 (251 SE2d 325), implied that the jury should be cautioned "that undue emphasis on the re-read testimony was improper." See also *Brown v. State*, 161 Ga. App. 544, 546 (288 SE2d 882); *Berryhill v. State*, 249 Ga. 442, 450 (11) (291 SE2d 685). While these later cases approve of cautionary instructions they do not demand that same be given so as to require reversal in the event such instructions are not given. It has been clearly held not to be error if the court confines the instruction to the specific point requested. See *Williams v. State*, 151 Ga. App. 765, 766 (1) (261 SE2d 487); *May v. State*, 159 Ga. App. 565, 566 (284 SE2d 70); *Mullins v. State*, 147 Ga. App. 330, 332 (2) (248 SE2d 708). Further, the jury had already been instructed with reference to its consideration of confessions and that same should be received with great caution and corroborated by other evidence. We find no error here.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 2, 1984.

Kenneth L. Baer, for appellant.

Robert E. Wilson, District Attorney, Michael M. Sheffield, John H. Petrey, Assistant District Attorneys, for appellee.