A91A1542. DUNLAP v. THE STATE.
(414 SE2d 728)

COOPER, Judge.

Appellant was convicted by a jury of aggravated assault and appeals from the denial of his motion for new trial. In three enumerations of error, appellant asserts the general grounds.

Viewed in the light most favorable to the verdict, the facts are as follows: As a result of marital difficulties, appellant's wife left their home and went to stay with the victim, who was one of her co-workers, at his trailer home. The victim and appellant's wife returned to the trailer one evening to find appellant waiting outside. A heated discussion ensued between the victim and appellant, although no violence occurred. The next morning, appellant again came to the victim's trailer and asked to see his wife. After a conversation with his wife, appellant apologized to the victim for the night before and left. That evening, appellant returned and again had a conversation with his wife outside the trailer. As appellant's wife was entering the trailer, appellant called out the victim's name. The victim came to the door, and appellant reached behind his shirt, pulled out a gun and shot the victim three times. The victim and appellant's wife testified that the victim had nothing in his hands at the time of the shooting. As a result of the gunshots, the victim lost all use of his legs. Appellant was later arrested and gave a statement to the police in which he admitted shooting the victim when he came to the door and stated that he shot the victim two more times because he thought the victim was going to get a gun. At trial, appellant testified that the victim had threatened him previously; that he shot the victim in self-defense because the victim came charging at him with something in his hand;

and that he did not give a complete statement to the police because he was scared at the time.

"Since the weight of the testimony and credibility of the witnesses are questions for the trier of fact, this court considers only the sufficiency of the evidence. [Cit.]" *Holland v. State*, 197 Ga. App. 496, 497 (3) (398 SE2d 810) (1990). "On appeal from a finding of guilty, evidence must be viewed in the light most favorable to the verdict, and the presumption of innocence no longer avails. [Cit.]" *Robinson v. State*, 194 Ga. App. 432, 433 (1) (390 SE2d 652) (1990). As to the general grounds, viewing the evidence in the proper light, there was sufficient evidence from which a rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of aggravated assault. Also, "[t]he 'any evidence' test is the proper standard to use in reviewing the denial of a motion for a new trial on the general grounds. [Cit.]" *Holland*, supra at 497. The evidence adduced at trial provided ample evidence to support the conviction, and the trial court did not err in denying the motion for new trial.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED JANUARY 15, 1992.

*Lynn Wilson*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney*, for appellee.