## A94A0295. LEWIS v. THE STATE.
(441 SE2d 851)

JOHNSON, Judge.

John L. Lewis was tried and convicted of a single count of child molestation involving his stepdaughter, and he appeals.

1. Lewis contends that the trial court erred in denying his motion

for new trial. The motion, which asserted general grounds, raises an issue as to the sufficiency of the evidence to authorize his conviction. "On appeal from a finding of guilty, evidence must be viewed in the light most favorable to the verdict, and the presumption of innocence no longer avails." (Citations and punctuation omitted.) *Dunlap v. State*, 202 Ga. App. 493, 494 (414 SE2d 728) (1992). Viewed in that light, the evidence shows that Lewis' wife asked him to bathe his two stepdaughters while she took her son to exchange a pair of boots he received as a birthday gift. After the four-year-old girl had her bath, Lewis asked her to help him remove his clothes. The girl testified that he asked her to "squeeze his weenie" and that "yucky white stuff, like vomit" came out. She recounted the events to her mother, a child psychologist, and a caseworker from the Department of Family & Children Services, all of whom, as well as the child herself, testified at trial. Lewis testified that he was masturbating in his bathroom when she walked in on him and spontaneously touched his penis. "The 'any evidence' test is the proper standard to use in reviewing the denial of a motion for a new trial on the general grounds." (Citations and punctuation omitted.) *Dunlap*, supra at 494. We find that there was ample evidence to support the conviction and that the trial court did not err in denying the motion for a new trial.

2. Lewis also complains that the trial court erred in refusing to allow an expert witness to testify regarding the results of tests administered to Lewis and render an opinion as to whether Lewis fit the child abuser profile. Such testimony is not admissible in Georgia. See *Smith v. State*, 206 Ga. App. 557, 559 (2) (426 SE2d 23) (1992); *Jennette v. State*, 197 Ga. App. 580, 581 (3) (398 SE2d 734) (1990). Lewis complains of the inherent unfairness of allowing expert testimony concerning whether a child exhibits signs of the child abuse accommodation syndrome while disallowing evidence of the child abuser profile. His argument that the field was not level is specious, however, because no evidence was proffered or admitted regarding the child abuse accommodation syndrome in this case. Lewis testified in his own defense and the jury was able to evaluate his credibility and believability. "From the extensive testimony and cross-examination of the various witnesses at trial, the jury, without the help of expert opinion, could have determined the credibility and truthfulness of all the witnesses and could have formed independent opinions as to the victims' truthfulness and the appellant's capability of performing the acts he was accused of. These determinations did not involve 'unique and mysterious areas of human response' necessitating expert testimony." *Jennette*, supra at 582-583 (3). This enumeration is without merit.

3. Lewis argues that the trial court erred in failing to grant his motion for a directed verdict because the indictment read that Lewis

acted "with intent to arouse and satisfy the sexual desires of said child and said accused." He argues that the State presented no evidence that he intended to arouse or satisfy the child. "When an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. In view of the conjunctive form of the indictment in this case, it was not incumbent upon the State to prove that [Lewis] both [aroused and satisfied the child *and* himself]." (Citations and punctuation omitted.) *Gordon v. State*, 199 Ga. App. 704, 705 (1) (406 SE2d 110) (1991). The trial court did not err in denying the motion for a directed verdict.

4. The first trial in this case ended in a mistrial as the jury was unable to reach a verdict. In order to comply with a speedy trial demand filed in the case, it was tried again less than two weeks later. Lewis complains that he was denied a fair trial because one of the State's witnesses changed her testimony at the second trial. Specifically he complains that in the first trial the witness indicated that the child was undressed, and at the second trial said she was dressed. Our review of the transcript indicates that during his cross-examination of the witness, Lewis' attorney alluded to previous testimony, which he felt may have been inconsistent, and the witness explained her testimony. After the witness had been excused and outside the presence of the jury, the attorney asked the court for a transcript of that witness' testimony from the previous trial, so that he could review it. The court informed him that the transcript had not yet been prepared, and the attorney requested that transcripts from both trials be prepared so that both could be sent to this court in the event the case was appealed.

Pretermitting whether there were inconsistencies in the testimony, which would be an issue for resolution by the jury in any event, no objection or ruling by the trial court was made which is now presented for our review. "[I]ssues not raised in the trial forum in any form calling for a ruling will not be considered on appeal, for this is a court for correction of errors made by the trial court." (Citations and punctuation omitted.) *Romano v. State*, 193 Ga. App. 682 (1) (388 SE2d 757) (1989).

5. Lewis requested a charge from *Staggers v. State*, 120 Ga. App. 875 (172 SE2d 462) (1969). The requested charge reads: "A general plan to use the child to gratify the Defendant's lust or passions or sexual desires is an element in the crime of child molestation." He asserts that the trial court erred in refusing to give the charge. *Staggers* was a case involving the admissibility of similar transactions evidence in a child molestation case. There is no evidence in this case, nor would it have been in Lewis' best interest, to suggest that he had

committed previous offenses of this nature. The trial court fully charged the jury regarding the elements of the offense of child molestation, as well as giving the pattern charge on the meaning of intent. "A requested charge needs to be given only where it embraces a correct and complete principle of law adjusted to the facts and which is not otherwise included in the general instructions given." (Citations and punctuation omitted.) *Bess v. State*, 207 Ga. App. 295, 296 (3) (427 SE2d 813) (1993). The trial court did not err in refusing to give Lewis' charge as submitted.

6. Lewis contends that the trial court erred in allowing the court reporter to reread certain portions of the trial testimony to the jury after deliberations had begun. "It has been permissible for more than 100 years to permit the jury at its instigation to rehear requested parts of the evidence after they have retired and begun deliberations." *Walker v. State*, 170 Ga. App. 82, 84 (2) (316 SE2d 544) (1984). "The rule in this state is that the trial judge, in his discretion, may permit the jury at their request to rehear in the defendant's presence the requested testimony after beginning deliberation." (Citations and punctuation omitted.) *Pontoon v. State*, 177 Ga. App. 868, 869 (1) (341 SE2d 505) (1986). Lewis offers us no authority in support of his position and we do not find that the trial court abused its discretion in reading the portions of the testimony requested by the jury.

*Judgment affirmed. Beasley, P. J., and Andrews, J., concur.*

DECIDED FEBRUARY 22, 1994 —
RECONSIDERATION DENIED MARCH 8, 1994 — 

*Macklyn A. Smith, Sr.*, for appellant.
*Daniel J. Porter, District Attorney, Brenda J. Bernstein, Assistant District Attorney*, for appellee.