### A01A1243. FINLEY v. THE STATE.
(555 SE2d 523)

SMITH, Presiding Judge.

A Floyd County grand jury indicted Steven D. Finley, Jennifer D. Throneberry, and Michael F. Verhoye II on two counts each of burglary, robbery, and aggravated assault.[1] A jury acquitted Finley of one count of burglary and convicted him on the remaining counts. His motion for new trial was denied, and his motion for an out-of-time appeal was granted. He appeals, asserting two enumerations of error, and we affirm.

1. Finley first asserts a fatal variance in the indictment on the burglary count for which he was convicted, noting that Count 2 of the indictment alleged burglary of "Room 200, Stay Lodge, located at 2005 Dean Street," while testimony at trial indicated that burglaries occurred at Rooms 216 and 220 of the Stay Lodge.

Finley relies upon *State v. Green*, 135 Ga. App. 622 (218 SE2d 456) (1975), "requiring specification in a burglary indictment of the

---

[1] Verhoye was also charged with attempting to elude a police officer and reckless driving, and Finley was charged as a recidivist.

particular business structure burglarized when that business operates from two or more locations in the county. [Cit.]" (Punctuation omitted.) *Mobley v. State*, 164 Ga. App. 154 (1) (296 SE2d 617) (1982). But this court has strictly limited the holding in *Green* to those circumstances in which a business owns more than one location within a county. *Brown v. State*, 250 Ga. App. 147, 149 (2) (550 SE2d 701) (2001) (incorrect street name not fatal variance); *Jackson v. State*, 217 Ga. App. 485, 490 (5) (458 SE2d 153) (1995) (physical precedent only)[2] (incorrect street number not fatal variance). Nothing in the record suggests that the Stay Lodge owns more than one location in Floyd County or that the rooms were not located in the same "structure." Moreover,

> [t]he variance between the indictment and the proof did not misinform or mislead appellant in any manner that surprised him at trial or impaired his defense. Nor can he be subjected to another prosecution for the same offense. Accordingly, there was no fatal variance between the allegations and the proof. The trial court properly denied appellant's motion for a directed verdict on this ground.

(Citation and punctuation omitted.) *Brown*, supra.

2. Finley also contends that there was insufficient corroboration of the testimony of his co-defendant Verhoye, but does so without pointing to any specific evidence he contends was insufficient.

> A defendant may not be convicted of a felony on the uncorroborated testimony of an accomplice. However, it is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence.

(Punctuation and footnotes omitted.) *Barnett v. State*, 244 Ga. App.

---

[2] As noted in *Brown*, supra at 149, n. 2, this decision, while originally physical precedent only, has been cited repeatedly with approval and without notation of its precedential status.

585, 587 (2) (536 SE2d 263) (2000). Here, the testimony of Finley's accomplice was corroborated by the testimony that proceeds of the robbery were found in Finley's pocket and the testimony identifying Finley as an occupant of the getaway car after the police chased and stopped it. Finally, the other co-defendant gave a statement to police in which she established Finley's presence at the scene of the assault and robbery, at the motel, and at the sale of the television. The testimony of one accomplice may be corroborated by the testimony of another accomplice. *Arnold v. State*, 243 Ga. App. 118, 121 (1) (532 SE2d 458) (2000). This evidence satisfies the slight evidence requirement necessary to corroborate the testimony of Verhoye.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED OCTOBER 17, 2001.

*Christopher G. Paul,* for appellant.

*Tambra P. Colston, District Attorney, Martha P. Jacobs, Assistant District Attorney,* for appellee.