### A02A2244. JONES v. THE STATE.
(576 SE2d 18)

ELDRIDGE, Judge.

A Lowndes County jury found Quarterrio Jones guilty of three counts of armed robbery and three counts of kidnapping, which charges arose based upon acts committed by Jones and three co-defendants at Charlie Trippers Restaurant in Valdosta. He appeals and claims solely — albeit in six separate enumerations of error — that the evidence was insufficient to support his conviction on each of the six counts for which he was found guilty because "[t]hroughout the trial, not one witness identified the Defendant as having been at the scene of the crime."

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility, but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1]

·So viewed, the evidence clearly supports the jury's verdict. The testimony of the bartender and the manager of Charlie Trippers Restaurant proved that, at approximately midnight on the date alleged in the indictment, four men committed the charged offenses which ultimately resulted in the taking of the bartender's purse; the manager's money clip; two bottles of brandy and one bottle of gin from the restaurant; a Skil saw from the restaurant; and the restaurant's bank bag containing $800.

Immediately following the perpetration of these offenses and before the victims were able to call 911, a police officer patrolling near Charlie Trippers saw a maroon Taurus automobile parked 200 yards from the restaurant on a road leading to a pond. Turning around to investigate, the officer pulled his marked patrol car beside the road at an angle, shining his headlights at the car and surrounding area. Two people were sitting in the front seat; another person was jumping over a fence, heading toward the car. The officer activated his blue light bar to investigate, and the man outside the car

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

ran to it and climbed into the back passenger seat, and the Taurus "sped off."

With emergency equipment engaged, the officer gave chase, reaching speeds of 90 to 95 mph. From the backseat of the Taurus, shots were fired at the patrol car, hitting the car at least once. As a consequence, the officer slowed his vehicle. Outside the town of Cecil, the Taurus pulled over, and the officer saw four men run from the vehicle.

Two handguns were recovered from the Taurus, as were the bottle of gin and the Skil saw taken from the restaurant. Appellant Jones' driver's license was also found in the car. A registration check showed that the Taurus was owned by Jones. Further investigation showed that two of the perpetrators were Jones' cousins and that another was Jones' friend, Steven Copeland. The cousins were apprehended at Jones' residence in possession of the bank bag and the money. Investigation also showed that Jones and his cousins were former employees of Charlie Trippers Restaurant and had worked with both the manager and the bartender.

In individual and separately made statements to the police, the cousins each stated that Jones was one of the four perpetrators and had been driving his Taurus automobile during the incident.

> Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine.[2]

In that regard, "[t]he testimony of one accomplice can corroborate that of another. . . . Further, slight evidence of corroboration connecting the defendant with the crime satisfies the requirements of OCGA § 24-4-8 and that evidence may be entirely circumstantial."[3]

Here, we find that Jones' connection to the restaurant, connection to the victims, connection to the other perpetrators, connection to the Taurus, the presence of his driver's license in the Taurus, and the consistent, individual statements of two accomplices that Jones participated in the crimes are sufficient evidence of corroboration. While Jones argues that, at trial, his cousins (who had earlier entered guilty pleas to the charged offenses) recanted their prior statements regarding his participation, such argument is unavailing. "[E]ven though a witness may recant on the stand, his prior inconsis-

---

[2] (Citation omitted.) *Finley v. State*, 252 Ga. App. 66, 67 (2) (555 SE2d 523) (2001).

[3] (Citation omitted.) *Parkerson v. State*, 265 Ga. 438, 439 (2) (457 SE2d 667) (1995).

tent statements constitute substantive evidence on which the jury may rely."[4] Thus, Jones' argument addresses the conflict between the cousins' prior statements and their trial testimony, and the resolution of such conflict is solely a jury issue.[5] As far as this Court is concerned, "[i]f the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it cannot be said, as a matter of law, that the verdict is contrary to the evidence."[6] As such evidence of corroboration exists in this case, Jones' challenge to the sufficiency of the evidence fails.

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 13, 2002.

*Ronald L. Beckstrom*, for appellant.

*J. David Miller, District Attorney, Bradfield M. Shealy, Assistant District Attorney*, for appellee.

---

[4] *Gunsby v. State*, 248 Ga. App. 18 (545 SE2d 56) (2001).

[5] Id.

[6] *Finley v. State*, supra at 67 (2).