## A11A0008. MORGAN v. THE STATE.
(706 SE2d 588)

MIKELL, Judge.

Dennis Ralph Morgan appeals the denial of his plea of double jeopardy, contending that his probation revocation in state court for

---

driving on a suspended license precludes his indictment in superior court for the offense of habitual violator arising out of the same incident. "The appellate standard of review of a grant or denial of a plea in bar of double jeopardy is whether the trial court's findings support its conclusion."[1] Here, the superior court's findings support its conclusion.

The record shows that on March 24, 2009, Morgan was arrested for driving under the influence of alcohol and failure to yield the right-of-way. On May 21, 2009, he entered a negotiated guilty plea in the State Court of Cobb County to reckless driving and failure to yield. He was given a 90-day suspended sentence plus 21 months on probation. As a condition thereof, Morgan was ordered to participate in the Cobb County DUI Court program. One week later, the Department of Driver Services notified Morgan that he had been declared a habitual violator based on two DUIs and a hit-and-run committed in other counties. Morgan was ordered to surrender his driver's license.

On July 14, 2009, a warrant was issued for Morgan's arrest for driving a vehicle after having been declared a habitual violator, in violation of OCGA § 40-5-58. The state court found that he violated his probation by driving on a suspended license and ordered him incarcerated for 30 days. Morgan was then indicted in superior court for operating a vehicle on July 14, 2009, after receiving notice that he had been declared a habitual violator. Morgan filed a plea in bar/motion in autrefois convict, alleging that the probation revocation in state court barred his prosecution on the indictment for the same offense in superior court. The superior court denied the motion, ruling that the state court's revocation of Morgan's probation was not a conviction of any crime arising out of his arrest on July 14, 2009, and his indictment was not barred on double jeopardy grounds. Morgan appeals.

> The Double Jeopardy Clause provides three related protections: It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.[2]

Simply stated, "the prohibition against double jeopardy pertains to subjecting an individual to criminal processes twice for the same

---

[1] (Footnote omitted.) *Chandler v. State*, 305 Ga. App. 526 (699 SE2d 840) (2010).

[2] (Citations and punctuation omitted.) *In the Interest of B. N. D.*, 185 Ga. App. 906, 907 (366 SE2d 187) (1988).

offense."[3] Morgan argues that the probation revocation in state court constituted an adjudication of guilt on the offense of habitual violator so that he cannot be tried for that offense in superior court. We disagree. "The general and accepted rule in the state and federal courts is that a proceeding to revoke a probated sentence of one convicted of a criminal offense is not a criminal proceeding."[4] Indeed, "a criminal prosecution and a probation revocation proceeding based on the same occurrence actually have nothing to do with each other."[5] A fortiori, the revocation of Morgan's probation based on the July 14, 2009, incident does not preclude his indictment for the offense of habitual violator arising out of the same incident.

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

DECIDED FEBRUARY 23, 2011.

*Timothy A. Siler*, for appellant.
*Patrick H. Head, District Attorney, John R. Edwards, Assistant District Attorney*, for appellee.

---

[3] (Citation omitted.) *Morris v. State*, 166 Ga. App. 137, 140 (2) (303 SE2d 492) (1983).

[4] *Dutton v. Willis*, 223 Ga. 209, 210 (154 SE2d 221) (1967). Accord *Perry v. State*, 213 Ga. App. 220, 221 (444 SE2d 150) (1994); *Morris*, supra.

[5] (Citation and punctuation omitted.) *Morris*, supra. Accord *Johnson v. State*, 142 Ga. App. 124, 127 (2) (235 SE2d 550) (1977) (probation properly revoked on same evidence on which jury acquitted defendant of criminal charge).