# Court of Appeals
# of the State of Georgia

ATLANTA,  April 06, 2018

*The Court of Appeals hereby passes the following order:*

**A18A0838.  ROBERT JAY DAVIS v. THE STATE.**

In 2011, Robert Jay Davis pleaded guilty to aggravated stalking and escape. As part of the final disposition in that case, he was "permanently restrained and enjoined from having any contact" with his ex-girlfriend, A. K. W. *See* OCGA §§ 16-5-91 (b); 16-5-90 (d). Since that time, Davis, proceeding pro se, has filed numerous unsuccessful appeals and applications challenging the propriety of the 2011 restraining order.[1] In 2014, after he violated the permanent restraining order while he was incarcerated, Davis was again convicted of aggravated stalking. This Court affirmed his conviction on appeal in an unpublished opinion; notably, we rejected Davis's argument that the indictment should have been quashed because there was no valid permanent restraining order entered on his 2011 sentence. *See* Case No.

---

[1] *See* Case Nos.  A18A0237 (dismissed December 4, 2017) (noting that Davis was barred from seeking further judicial review of the permanent restraining order); A16A0263 (dismissed October 30, 2015); A16D0057 (denied October 19, 2015) A15A2297 (dismissed September 28, 2015); A15D0515 (dismissed August 17, 2015); A15A1670 (dismissed May 19, 2015); A15D0345 (denied April 24, 2015); A14A2326 (February 5, 2015) (finding that the trial court entered a permanent restraining order).

A15A0305 (July 10, 2015). Davis thereafter filed a motion to vacate a void sentence, asserting, *inter alia*, that his 2014 sentence was invalid because he was indicted for violating a permanent restraining order, but no valid permanent restraining order had been issued against him. The trial court denied Davis's motion, and he filed a direct appeal in the Supreme Court, which transferred the case to this Court. *See* Case No. S18A0120 (October 2, 2017). We, however, lack jurisdiction.

As our Supreme Court has explained, "[m]otions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Because Davis does not contend that his 2014 sentence is longer than the law allows, he has not raised a void-sentence claim. Rather, he challenges his 2014 conviction.[2] But a post-conviction motion seeking to vacate an allegedly void conviction is not a valid procedure in a criminal case, and any appeal from the denial of such a motion must be dismissed. *See Roberts v. State*, 286 Ga. 532 (690

---

[2] Davis also asserts that the trial court violated the prohibition against double jeopardy because he was convicted for aggravated stalking in the 2014 case and had his probation in the 2011 case revoked based on the same conduct. But "[t]he general and accepted rule in the state and federal courts is that a proceeding to revoke a probated sentence of one convicted of a criminal offense is not a criminal proceeding" prohibited by the Double Jeopardy Clause. *Morgan v. State*, 308 Ga. App. 69, 71 (706 SE2d 588) (2011). Morever, this challenge does not assert that his sentence is not authorized by law and thus does not raise a valid void-sentence claim.

SE2d 150) (2010); *see also Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (holding that a challenge to the validity of an indictment is a challenge to the conviction).

Furthermore, as explained above, Davis has already raised numerous unsuccessful challenges to the permanent restraining order. "It is axiomatic that the same issue cannot be relitigated *ad infinitum*. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); *accord Jordan v. State*, 253 Ga. App. 510, 511 (2) (559 SE2d 528) (2002). Thus, he is estopped from seeking further judicial review on the validity of the permanent restraining order. *See Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (holding that the law-of-the case rule bars multiple void-sentence claims once the sentence has been affirmed); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007) (noting that when an appellate court has upheld a trial court order, the doctrine of *res judicata* prohibits further challenges to the same order).

For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/06/2018
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*