**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 7, 2020**

# In the Court of Appeals of Georgia

A19A2369. ZELLNER v. THE STATE.

RICKMAN, Judge.

In 2016, Brian Zellner pled guilty to aggravated stalking of his ex-wife and was on probation as a first offender when he was indicted in 2017 on several new offenses, including kidnapping his ex-wife at gunpoint. After the new charges were used as a basis to revoke his first offender status and adjudicate him guilty in the stalking case, Zellner filed a plea of former jeopardy in the new action on the ground that he could not be prosecuted on the new charges because they had already been used in the stalking action in support of his adjudication of guilt. We disagree and affirm the denial of his plea of former jeopardy in the kidnapping case.

At the hearing on the plea of former jeopardy, Zellner introduced the documents related to the 2016 stalking case, including the indictment for aggravated

stalking, the final disposition showing that he was sentenced as a first offender, the transcript of the guilty plea and sentencing hearing, the State's petition for and adjudication of guilt, and the court's sentence for aggravated stalking.

These documents show that at the guilty plea hearing, Zellner pled guilty as a first offender with the understanding that if he violated the terms of his probation, he could be adjudicated guilty and sentenced to the maximum sentence available for aggravated stalking, i.e., ten years. See OCGA § 16-5-91 (b). The final disposition shows that Zellner was sentenced to five years probation and given first offender treatment under OCGA § 42-8-60. As a general condition of probation, Zellner was directed not to violate the criminal laws of any governmental unit, and as a special condition, he was ordered to have no contact of any kind with the victim. The first offender conditions further specified that Zellner could be sentenced to the maximum allowed by law in the event of a violation of probation:

> Upon violation of the terms of probation, upon conviction for another crime during the period of probation, or upon the Court's determination that the Defendant is or was not eligible for sentencing under the First Offender Act or for Conditional Discharge, the Court may enter an adjudication of guilt and proceed to sentence the Defendant to the maximum sentence as provided by law.

2

The State's petition for adjudication of guilt states that Zellner violated the terms and condition of probation by violating the criminal laws in that he committed several new offenses in 2017, including kidnapping (the same charges for which he was indicted in the present action). The court's adjudication shows that the court conducted a hearing and that "[t]he State proved by a preponderance of the evidence that [Zellner] committed kidnapping [and the other crimes charged] on 4/17/17." Accordingly, the court adjudicated Zellner guilty of aggravated stalking and sentenced him to ten years confinement with credit for time served.

In the present case, Zellner was indicted on counts of kidnapping, aggravated assault, aggravated stalking, possession of a firearm during commission of a felony, and possession of a firearm by a first offender probationer. After the trial court denied Zellner's plea of former jeopardy, Zellner appealed.

Zellner contends that the State's use of the new kidnapping and related charges to adjudicate him guilty and impose a sentence of aggravated stalking in the 2016 matter bars his prosecution in the present case. He argues that he is being placed in jeopardy a second time for the same offense because the state "used" the kidnapping and related charges when seeking to have him adjudicated guilty of aggravated stalking in the 2016 case. This argument has no merit.

3

First, "[t]he constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." (Citation and punctuation omitted.) *United States v. DiFrancesco*, 449 U.S. 117, 127 (III) (101 SCt 426, 66 LE2d 328) (1980). In the 2016 case, following his adjudication of guilt, Zellner was convicted of aggravated stalking. In the present case, he is charged with crimes relating to an entirely separate event. Thus, he is not in jeopardy of being convicted more than once for the same offense.

Second, the use of the 2017 kidnapping and related crimes as a basis for adjudicating him guilty in the 2016 case is expressly allowed by the first offender statute:

> The court may enter an adjudication of guilt and proceed to sentence the defendant as otherwise provided by law when the . . . Defendant violates the terms of his or her first offender probation[.]

OCGA § 42-8-60 (d) (1). Zellner was accused of violating his first offender probation by violating the criminal laws. Whether such a violation occurred is determined by a preponderance of the evidence. See OCGA § 42-8-34.1 (b); *Young v. State*, 265 Ga. App. 425, 426 (594 SE2d 667) (2004). Thus, in deciding whether to revoke Zellner's first offender status in the 2016 case and adjudicate him guilty of aggravated stalking,

4

the trial court only determined by a preponderance of the evidence that he had committed the 2017 crimes. He was not convicted of those crimes when they were used in that manner, and he was not sentenced for those crimes at the time. Thus, the present action does not subject Zellner to a possible second conviction on the 2017 kidnapping and related charges. See generally *Morgan v. State*, 308 Ga. App. 69, 71 (706 SE2d 588) (2011) ("The general and accepted rule in the state and federal courts is that a proceeding to revoke a probated sentence of one convicted of a criminal offense is not a criminal proceeding.") (citation and punctuation omitted).

Finally, there is no merit to Zellner's suggestion that OCGA § 16-1-8 (b) (1) somehow bars his prosecution for the 2017 crimes. Zellner focuses on this portion of the statute:

> A prosecution is barred if the accused was formerly prosecuted for a different crime . . . if such former prosecution . . . [r]esulted in . . . a conviction . . . and the subsequent prosecution . . . is for a crime which involves the same conduct.

Obviously, the 2017 crimes involve different conduct than the aggravating stalking that occurred a year earlier.

In sum, the trial court did not err by denying Zellner's plea of former jeopardy.

*Judgment affirmed. Miller, P. J., and Reese, J., concur.*

5