[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-12829
Non-Argument Calendar
_____

D.C. Docket No. 3:19-cv-00028-TCB

CHARLES SMITH,

Plaintiff-Appellant,

versus

MARIAH MITCHELL,
DAVID MCBRAYER,
GEORGIA DEPARTMENT OF COMMUNITY SUPERVISION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 7, 2021)

Before NEWSOM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Charles Smith, proceeding *pro se*, appeals the district court's dismissal of his amended complaint under 42 U.S.C. § 1983 alleging, as relevant here, that the defendants subjected him to malicious prosecution when they arrested and detained him from February 21, 2017 through May 17, 2017 for violation of his probation, despite the fact that his probation had previously been terminated following his completion of a court program.[1]  The district court granted defendants' motion to dismiss Smith's amended complaint with prejudice, concluding that his claims were barred by Georgia's two-year statute of limitations, and that, in any event, Smith had failed to allege sufficient facts to state a claim upon which relief can be granted.

On appeal, Smith asserts that his malicious-prosecution claim was timely, contending that the statute of limitations began to run on the date that he was released from custody rather than the date of his arrest.[2]

The limitations period for filing an action under § 1983 is typically determined by the state-law period for personal injury torts, which, in Georgia, is

---

[1] Smith also brought claims for unlawful seizure, false imprisonment, denial of due process, and state-law claims for fraud and intentional infliction of emotional distress.  But because Smith does not expressly challenge the district court's conclusions as to these other claims, he has abandoned these issues on appeal.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (holding that an appellant must clearly and specifically identify in his brief any issue he wants the appellate court to address, otherwise it will be deemed abandoned).

[2] We review *de novo* a district court's interpretation and application of a statute of limitations. *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1122 (11th Cir. 2017).

two years. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); O.C.G.A. § 9-3-33.

Federal law, however, determines the date on which the statute of limitations

begins to run, and, for a § 1983 action, the statute begins to run from the date the

facts supporting a cause of action are apparent or should be apparent to the

plaintiff. *See Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261

(11th Cir. 2003); *see also* O.C.G.A. § 50-21-27(a), (c) (stating that the two-year

statute of limitations for tort claims against the Georgia government "accrue[s] on

the date the loss was or should have been discovered"). While a plaintiff must

have "a complete and present cause of action" to bring suit, the cause of action

accrues when the wrongful act results in damages, "even though the full extent of

the injury is not then known or predictable." *Wallace*, 549 U.S. at 388,

391 (quotation marks omitted).

Malicious prosecution is a violation of the Fourth Amendment and is a

viable constitutional tort cognizable under § 1983. *Wood v. Kesler*, 323 F.3d 872,

881 (11th Cir. 2003). A § 1983 claim for malicious prosecution requires the

plaintiff to show both the elements of the common law tort of malicious

prosecution and an unreasonable seizure in violation of the Fourth Amendment.

*Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020). The Fourth

Amendment violation must be established via a seizure resulting from the

malicious prosecution. *Id.* A claim of malicious prosecution is distinct from a

false-imprisonment claim in that malicious prosecution requires a seizure pursuant to legal process. *Id.* at 1158 (stating a claim of false imprisonment accrues "when either the seizure ends or the plaintiff is held pursuant to legal process"). Where an arrest was made pursuant to a warrant, a plaintiff can state a claim for malicious prosecution based on (1) a criminal prosecution instituted or continued by the defendant (2) with malice and without probable cause that (3) terminated in the plaintiff's favor and (4) caused the plaintiff damage. *Wood*, 323 F.3d at 882. We recently reiterated that the favorable-termination requirement of a claim for malicious prosecution functions as a rule of accrual. *Laskar v. Hurd*, 972 F.3d 1278, 1292 (11th Cir. 2020); *see also Uboh v. Reno*, 141 F.3d 1000, 1006 (11th Cir. 1998), *abrogated on other grounds by Williams*, 965 F.3d at 1159 (holding that the plaintiff's claim was timely because he had pleaded that he received a favorable-termination within Georgia's two-year statute of limitations); *Whiting v. Traylor*, 85 F.3d 581, 585–86 (11th Cir. 1996), *abrogated on other grounds by Wallace*, 549 U.S. at 389–90 (holding plaintiff's claim accrued when the court dismissed the remaining charges against him and, thus, it was timely).

While we have not specifically addressed whether a probation violation is a "criminal prosecution" for purposes of a § 1983 claim for malicious prosecution, we have held in the context of the Double Jeopardy Clause that probation-revocation proceedings are not "essentially criminal" because, rather than

punishing a criminal defendant for violating a criminal law, they are designed to determine whether an individual has violated the terms of his probation. *United States v. Whitney*, 649 F.2d 296, 297 (5th Cir. Unit B June 1981). Moreover, the Supreme Court has stated that while probation revocation "does result in a loss of liberty," it, "like parole revocation, is not a stage of a criminal prosecution." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973). The Supreme Court of Georgia has also stated that the "general and accepted rule in the state and federal courts is that a proceeding to revoke a probated sentence of one convicted of a criminal offense is not a criminal proceeding." *Dutton v. Willis*, 154 S.E.2d 221, 223 (Ga. 1967); *see Morgan v. State*, 706 S.E.2d 588, 589–90 (Ga. Ct. App. 2011) (stating "a criminal prosecution and a probation revocation proceeding based on the same occurrence actually have nothing to do with each other" (quotation marks omitted)).

Here, because Smith knew when he was arrested that he had previously completed the terms of his probation, his claim accrued on the date of his arrest— February 21, 2017. Although the proceeding terminated in his favor only when he was released from custody, Smith's claim accrued on the date of his arrest because a probation-revocation hearing is not a "criminal prosecution" for the purposes of a malicious-prosecution claim. *See Laskar*, 972 F.3d at 1292 (stating "the favorable-termination requirement functions as a rule of accrual"); *Uboh*, 141 F.3d at 1006

5

(holding that the plaintiff's claim was timely because he had pleaded that he received a favorable-termination within Georgia's two-year statute of limitations). Accordingly, Smith's malicious-prosecution claim was time-barred because he filed his original complaint on March 21, 2019—more than two years after the two-year statute of limitations began to accrue. Therefore, the district court did not err in dismissing Smith's malicious-prosecution claim as untimely.[3]

**AFFIRMED.**

---

[3] Although Smith also contends that the district court erred in concluding that he had failed to state a claim upon which relief can be granted, we needn't reach that argument, having concluded that the district court's dismissal of Smith's amended complaint as untimely is due to be affirmed.